Johnson v. Atkins.—Syllabus.

JAMES E. JOHNSON, PLAINTIFF IN ERROR, VS. WILLIAM ATKINS AS SURVIVING PARTNER OF THE FIRM OF ATKINS &. BURROUGHS, DEFENDANT IN ERROR.

1| Taxes voluntarily paid to an officer authorized to receive them, can not be recovered from such officer by the party paying same.

2 The tax collectors had power under Chapter 4115, act of 1893, to accept a sum of money in part payment of a license.

tax due the State by a dealer in  spirituous, vinous   or
malt liquors, and money voluntarily paid to such officer
by such a dealer on account of the license tax   so   due,
could not be recovered from the officer, even though no
license was ever in fact issued, and the dealer ceased to
engage in the sale of such liquors before the expiration of
the license year.

Writ of Error to the Circuit Court for Duval County.

The facts of the case are stated in the opinion of the
court.

*Jno. L. Doggett,* for Plaintiff in Error;

*George U. Walker and Porcher L'Engle,* for Defendant
in Error.

PER CURIAM.

Defendant in error, plaintiff in the trial court,   sued
plaintiff in error in the Circuit Court of Duval county,
the declaration, filed February 1, 1897,   containing two
counts:   the first claiming $800 for money had and receiv-
ed; the second alleging that defendant converted to his
own use or wrongfully deprived plaintiff of the use and
possession of plaintiff's property, to-wit: the sum of $400.
Defendant pleaded to the first count, never indebted as al-
leged, and to the second count, first, that he denies con-
versation and denies wrongfully depriving plaintiff of the
use and possession of his money as alleged, and, second,
that the money alleged to have been converted is not the
money of plaintiff.  Issue was joined on these pleas, and
a trial had, with verdict and judgment for plaintiff May

10, 1897. Defendant moved for a new trial upon the grounds, among others, that the verdict was contrary to the law and the evidence, which motion was overruled and an exception noted. From the judgment entered this writ of error is taken, and one of the errors assigned questions the propriety of the ruling upon the motion for new trial.

The entire evidence in the case as exhibited by the abstracts is as follows: Plaintiff, William Atkins, testified: "I am the plaintiff in this cause, and I am the surviving partner of the firm of Atkins & Burroughs. On, to-wit: The eighteenth day of February, 1895, I made a demand upon James E. Johnson for certain moneys in the sum of four hundred dollars that had been paid to him by my partner on account of a liquor license, and Johnson refused to deliver the said money. I was in partnership and doing business as a retail dealer in liquors in the city of Jacksonville, Duval county, Florida, from the first day of October, 1894, to the twenty-third day of January, 1895, under the firm name and style of Atkins & Burroughs. We did business all during that time without a license, having paid, however, James E. Johnson, the defendant in this cause, who was then the tax collector of Duval county, the sum of four hundred dollars on the second day of January, 1895, on account of said license. On, to-wit: the twenty-third day of January, 1895, my partner died, and I went out of business and then it was I made demand on Mr. Johnson, the tax collector, to refund the money to me and he refused so to do, because he claimed that the balance of the amount due for such license had not been paid."

James E. Johnson, as a witness for plaintiff, testified as follows: "My name is James E. Johnson. Yes, I identi-

fy this receipt as having been given by me to Mr. Bur-
roughs when he paid me $400 as the tax collector of Du-
val county, on account of a liquor license that he wanted
issued. I did not issue the license because all of the
money had not been paid. They did business with-
out the written evidence of a license. I do not remember
whether Mr. Atkins ever made demand of me for the mon-
ey or not. I think very probable that he did." The re-
ceipt referred to by this witness was introduced in evi-
dence and is as follows:

"Jax. Jany. 2. 1895.

Received from Atkins & Burroughs four hundred dol-
lars. Dep. on account license.

J. E. Johnson."

The same witness, testifying in his own behalf, said:
"My name is James E. Johnson. I am the defendant in
this cause. At the time testified about by the plaintiff I
was tax collector of Duval county, Florida. Mr. Bur-
roughs, the partner of the plaintiff, called at my office
and paid me the sum of four hundred dollars on account
of a liquor license. The understanding between he and I
was that he was to come back after that and pay the bal-
ance of the money. I kept the money under this under-
standing and allowed him to do business during that
time, but did not issue the license because I could not is-
sue it until the whole amount had been paid, and the
whole amount never was paid."

By the third subdivision of section 9. Chap. 4115, ap-
proved June 2nd, 1893, dealers in spirituous, vinous or
malt liquors were required to pay a State license tax of
five hundred dollars in each county, for each place of bus-
iness, whether such license was taken out for the whole

year or fractional part of a year. Under that section licenses were required to be taken out before such dealers should engage in business, and by section 10 tax collectors were authorized to enforce the payment of all license taxes by the seizure and sale of the property. While the power given by this latter section did not apply to license taxes for certain occupations (Johnson v. Armour, 31 Fla. 413, 12 South. Rep. 842) it did apply to license taxes due by dealers in spirituous, vinous or malt liquors, and under that power the defendant could and it was his duty to have enforced the payment of the license tax due by plaintiff's firm, or so much thereof as could have been enforced by seizure and sale of the property. The testimony shows clearly that when the $400 were paid to Johnson, he was the tax collector of Duval county, and that plaintiff's firm at that time was justly due the State the license tax required of dealers in spirituous, vinous and malt liquors, as it had been engaged in that business, without having paid such license tax, from October 1st, 1894. Such license tax being due the State, it was the duty of plaintiff's firm to pay it to defendant as collector, and the duty of such colector to collect it, and if necessary for that purpose, the collector was authorized to resort to the power of seizure and sale given by the tenth section of the act referred to. While we do not mean to say that the dealer could compel the collector to receive from him a part only of an entire license tax due by him, it was within the power of the collector to do so, if he chose, and if he did do so the money would become the property of the State, and if voluntarily paid by the dealer he could not recover it, even while it remained in the hands of the collector, for the principle is well settled that taxes voluntarily paid can not be recovered. Cooley on Taxation, p. 809. Both

Atkins and Johnson testified that the money was paid by Burroughs on account of the license tax then due by Atkins & Burroughs as dealers in spirituous, vinous and malt liquors. Neither party pretends that the money was deposited with Johnson, to be held by him until the balance of the tax was paid and that it was to be returned to the plaintiff's firm in case the balance of the tax was not paid, or upon any condition whatever. It is true the receipt given indicates the purpose for which the money was paid, stating as it does that the money was received as a "dep. on account license." If we construe the abbreviation "dep." as meaning "deposit," the result will not be different, even though the terms of the receipt be held to control the testimony of the parties, for its language does not show or imply that the money so deposited was to be held conditionally, or returned to the plaintiff's firm in any event; but, on the contrary, that it was deposited unconditionally on account of the license. Therefore it was the duty of the defendant to apply the money to that account and this he undertook to do by accepting the money and issuing the receipt. Under these circumstances the money became the property of the State and the defendant liable threfor to the State as its officer, and having been voluntarily paid to defendant by the plaintiff's firm on account of the license tax due the State, it can not be recovered from him by this plaintiff. It is true the defendant does not claim that he has ever paid the money to the State, but that fact can not change the character of the real transaction shown in evidence. The State has her remedies for compelling the defendant to account for this money. The fact that she has failed to enforce them if such be the case, does not render the de-

fendant liable to the plaintiff for the money voluntarily paid to him on account of the license tax due the State. The court is of opinion that there is no sufficient evidence to support the verdict, and that the trial judge erred in refusing the motion for a new trial.

The judgment is reversed and a new trial granted.