CITY OF TAMPA v. JOHN D. COLGAN, *et al.*

149 So. 587.
Division B.
Opinion Filed July 22, 1933.

*Alonzo B. McMullen* and *Ralph A. Marsicano,* for Appellant;

*Seth Dekle* and *Sparkman & Knight,* for Appellees.

BUFORD, J.—The appeal in this case is from an order overruling motion to strike certain paragraphs of defendant's answer filed in defense of the allegations of a bill of complaint exhibited by the City of Tampa to foreclose a tax-sale certificate issued on sale of real property to enforce the payment of delinquent municipal taxes.

Rights of no third parties had intervened.

The motion was addressed to the 5th, 6th, 7th, 8th, and 11th paragraphs of the answer which were, respectively, in the following language:

"Further answering said bill of complaint, this defendant avers that under the Charter of the City of Tampa the tax assessor for said City for the years 1929, 1930 and 1931, was required to assess all property, both real and personal, at a uniform and equal rate at its full cash value. That

Section 14-A of Ordinance number 213-A of the City of Tampa defines the full cash value of property to be 50% of its fair market value, and requires that the assessor shall ascertain such valuation for city taxation by first finding the fair market value of all taxable property, and thereupon by dividing the valuation by two, the quotient to be the full cash value, as will more fully appear by a certified copy of said Ordinance, which is hereto attached marked Defendant's Exhibit "A" and is hereby made a part hereof as if fully set out herein. That notwithstanding it was the duty of said tax assessor to assess the property described in complainant's bill of complaint in accordance with said Charter provision of said Ordinance for said years, 1929, 1930, and 1931, the said tax assessor systematically, willfully, deliberately and intentionally discriminated against said property, as compared with similar property liable to assessments owned by other tax payers similarly situated, in that this Defendant's property was assessed for each of said years at $210,000.00, as shown by copy of assessment roll attached to complainant's bill of complaint, which sum was grossly, obviously and flagrantly excessive, and was more than four times the full cash value, as defined by said Ordinance hereinabove referred to, and amounts to a confiscation of its property, and denies to this defendant due process of law and the equal protection of the law. This defendant further answering alleges that its property was listed for sale with leading real estate firms of the City of Tampa for the years 1929, 1930 and 1931 for the sum of $100,000.00, and advertised through newspapers, both in and outside of the City of Tampa, Florida, during said years, for said sum, but no sale of said property could be consummated. That the improvements on said property is known as the "Mirasol Hotel" and for two of said years, to-wit, 1930 and 1931, the said hotel was not operated as

a going concern, but remained for said years closed and unoccupied by reason of the fact that said hotel could not be operated except at a heavy loss and at no time during said years 1929, 1930 and 1931 could anyone be found who was able and willing to pay an annual rental for said premises sufficient to pay the taxes levied and assessed annually against the same.

"Further answering said bill of complaint this defendant avers that the tax assessor of the City of Tampa for the years 1929, 1930 and 1931, perpetrated a fraud upon this defendant in assessing its only specie of property, to-wit, real estate, at more than double its full cash value, while personal property consisting of stocks of merchandise located within the City of Tampa, and taxable therein, worth many millions of dollars, were for said years systematically, intentionally and arbitrarily assessed by said tax assessor at less than 25% of its full cash value.

"This defendant, as an illustration of the deliberate, intentional, systematic and willful discrimination practiced against the only specie of property owned by this defendant, to-wit, real estate, and practiced in favor of larger and influential owners of other specie of property, to-wit, personal property located within the City of Tampa, Florida, and subject to taxation therein, sets forth and shows the following instance, among many, but which does not show the full extent of the discrimination, deliberate, intentional and willful, practiced against this defendant.

"Sears, Roebuck & Company, mercantile establishment, assessed for said years 1929, 1930 and 1931 at $4820.00 and $8000.00 and $9560.00 respectively, although its stock of merchandise on January the first of each of said years exceeded $100,000.00.

"Maas Bros., Inc., a mercantile establishment was assessed for said years at an average of less than $50,000.00

a year for each of said years, although its stock of mer-chandise on January the first of each of said years exceeded $200,000.00.

"That Firestone Tire & Rubber Company, Inc., a retail tire store, was assessed for each of said years at less than $3000.00 although its stock of merchandise on January the first of each of said years exceeded $25,000.00.

"That Grants, Inc., a department store, was assessed for the years 1929, 1930 and 1931 at $20,000.00, $15,395.00 and $23,914.00 respectively, although its stock of merchandise on the first day of January of each of said years exceeded the sum of $80,000.00.

"That said illegal, arbitrary, discriminating and systematic action on the part of said Tax Assessor in assessing defendants only specie of property, to-wit, real estate, at double its full cash value for said years, while under-valuing millions of dollars of personal property of the class herein referred to, had the direct and necessary result of increasing the amount of taxes unconstitutionally and illegally imposed against the property of this defendant and rendered said assessment against the premises described in the bill of complaint null and void, and of no effect.

"This defendant avers that under the constitution of the State of Florida, the Statutes enacted by the legislature in conformity therewith, and the charter of the City of Tampa, the Tax Assessor of the City of Tampa is charged with the duty of ascertaining by diligent search and inquiry the names of all taxable persons in said City, and also all taxable real estate and personal property therein, and is directed to make an assessment roll of all such taxable property assessing all of said property at a uniform and equal rate. That notwithstanding it was the duty of said tax assessor to assess all property, both real and personal, belonging to

the residents of the City of Tampa, and situated within the city limits of said city, for the years 1929, 1930 and 1931, that said Tax Assessor deliberately, willfully and intentionally, systematically, knowingly and arbitrarily refused, neglected and omitted to assess any mortgages standing of record in the office of the Clerk of the Circuit Court, Hillsborough County, Florida, and owned by citizens of the City of Tampa, as of January 1st, 1929, 1930 and 1931, respectively, whatsoever, although same were subject to taxation and amounted to several million dollars. And this defendant as an illustration of the failure of said tax assessor to tax said claims of property names specifically the First National Corporation, a corporation, and the First Savings & Trust Company, a banking corporation, both of the City of Tampa, Florida, as the holder of said claims of property, in the sum of several hundred thousand dollars cash.

"This defendant further asserts that the said Tax Assessor deliberately, intentionally and willfully omitted from the tax rolls, and failed to assess for taxation, for the years 1929, 1930 and 1931, all stocks, bonds, promissory notes and accounts, which on January first of each years, were owned by residents, tax payers of the City of Tampa, Florida, and subject to, and should have been assessed for taxation in said City for said years. This defendant as an illustration of the failure of said Assessor to assess said class of property names specifically the following tax payers, to-wit, Tampa Electric Company, a corporation, Knight & Wall Company, a corporation, Peninsular Telephone Company, a corporation, and Maas Bros., a corporation, as the holders of said personal property in the sum of several hundred thousand dollars, subject to, and should have been assessed for taxation in said City for said years. That

said illegal, arbitrary and discriminating action on the part of said Tax Assessor in omitting from the tax roll said mortgages, stocks and bonds, as hereinabove set forth, for the years herein named had the direct and necessary result of increasing the amount of taxes unjustly and illegally imposed against the property of this defendant, and rendered said assessment against the premises described in complainant's bill of complaint null and void and of no effect."

"That the aforesaid action on the part of the Tax Assessor of the City of Tampa in assessing defendant's property in an amount double of its valuation, and in omitting from the assessment roll for the years 1929, 1930 and 1931 millions of dollars of personal property, consisting of mortgages, notes, bonds, and other tangible personal property, and assessing defendant's only specie of property, real estate, at more than double its valuation, while undervaluing another specie of property, to-wit, personal property of the class hereinabove referred to and set out in paragraphs 5, 6, 7 and 8 of this Answer, was deliberate and intentional, and had the effect of illegally and unlawfully exempting to favorite tax payers, corporations and individuals, large sums of money in the form of taxes, which should have been legally collected from said favorite tax payers, and throwing the expense and burdens of Government unjustly and illegally upon the property of this defendant, as a result of the total disregard of said tax assessor of the mandatory provisions of the Constitution and Statutes of the State of Florida, and the Charter of the City of Tampa, to assess all property, both real and personal, at a uniform and equal rate, except such property as may be exempt by law, and rendered the assessment against the property of this defendant for the years 1929, 1930 and

1931, null and void, and no tax can be legally collected thereon from this defendant."

The allegations of the above quoted paragraphs of the Answer are sufficient to meet the rule stated by this Court in the case of West Va. Hotel Corp. v. Foster Co., *et al.*, 101 Fla. 1147, 132 Sou. 842, and in the case of Roberts v. American National Bank, 94 Fla. 427, 115 Sou. 261.

In Lee v. Booker & Co., Inc., filed March 2nd, 1933, reported 146 Sou. 546, we said:

"Where it is obvious that the property over-valued was undoubtedly subject to taxation at some valuation, and not entitled to be entirely exempted by reason of an attempt to single it out and tax it while other property of the same class was being entirely ignored (Folsom v. Bank of Greenwood, 97 Fla. 426, 120 So. 317), and objection based on overvaluation must ordinarily be promptly asserted by judicial proceedings brought before tax sale or it will be deemed to have been waived by the tax payer. Exceptions to this rule may exist but this case is not one of them."

We think this case presents one of the exceptions. The answer alleges the property involved was knowingly, willfully and intentionally arbitrarily assessed at more than four times its actual cash value; that vast amounts in value of other property subject to taxation was knowingly, willfully, and intentionally omitted entirely from the tax roll and that defendant owned no property of the classes so omitted. It is also alleged, in effect, that other property of the class of defendant's property was assessed at or less than 50 per cent of its actual cash value and that such discrimination was knowingly, willfully and intentionally made. These allegations warrant the further allegation in the answer to the effect that the alleged illegal discrimination results in

an unjust and illegal burden upon the defendant not placed in like manner on other taxpayers.

In L. & N. v. Amos, 98 Fla. 350, 123 So. 745, we said:

"The law contemplates that assessing officers shall make just, fair and impartial valuations of property for assessment purposes. And their valuations when made in the manner provided by law and with practical regard to existing conditions and circumstances of character, locality, use and other matters that may affect values, will in general not be disturbed by the courts, unless it appears that by intentional unjust discrimination, or by systematic, arbitrary action, there results manifest and gross inequality or injustice in fixing values, abstractly or relatively, showing an abuse of authority to determine values for assessment purposes. German-American Lbr. Co. v. Barbee, 59 Fla. 493, 52 So. Rep. 292; Camp Phosphate Co. v. Allen, *supra;* City of Tampa v. Palmer, *supra;* Chicago Great Western R. R. Co. v. Kendall, 266 U. S. 94, 69 L. Ed. 183. The duty to bear a just share of taxation, justice to other taxpayers, and the requirements of government, would make it inequitable to give relief from all taxation because there may be some inequality in assessment valuations."

Therefore, while the answer is not sufficient in its allegations to bar all recovery, it is sufficient to give the court of equity basis for granting relief to the defendant against an unjust and unequal burden of taxation, and to this end the court may, upon proper issues being joined and proof submitted, determine the excess if any of the burden sought to be placed on the defendant's property by the alleged arbitrary, intentional and discriminatory assessment and by proper decree relieve the property of the defendant from the burden of the assessment to the extent of such excess.

This is true, because in equity the defendant must do

unto others even as he would have others do unto him and it is no more equitable that he should escape the entire burden than it is that he should be made to bear more than his proportion of the burden. When one prays relief in equity, whether as complainant or defendant, he must do as well as demand equity.

Under the allegations of the answer the defendant may not escape the entire burden of taxation, but he may have his burden judicially equalized with that of others like situated.

The order appealed from should be affirmed and it is so ordered.

Affirmed.

DAVIS, C .J., and WHITFIELD, ELLIS, TERRELL and BROWN, J. J., concur.