STATE, *ex rel.* CARY D. LANDIS, Att'y Gen'l, *et al.,* v. GEORGE L. PEACOCK, *et al.*

151 So. 4.

Opinion Filed November 13, 1933.

*Joseph Weintraub,* for Relators;
*J. C. Sullivan,* for Respondents.

WHITFIELD, J. — This quo warranto proceeding was brought in this Court by the Attorney General against named respondents who it is alleged, claiming to be city commissioners, have usurped and do usurp to be a municipal corporation under the name of the City of South Miami, Dade County, Florida, and against another named respondent, who it is alleged, "claims to be city clerk of said city, and as such, said defendant performs and exercises all the liberties, privileges and franchises of an incorporated city without lawful authority and do usurp to be a municipal corporation to the wrong and prejudice of the people of the State of Florida."

The respondents replied that the City of South Miami was incorporated by Chapter 13425, Acts of 1927, and was abolished by Chapter 15707, Acts of 1931; that pursuant to the last Act the City Hall was closed, the officials ceased to act as such, and the city was treated as abolished until April 26, 1932; that "said Act (Chapter 15707) is unconstitutional for the reason that it makes no provision for the creditors of the town and because it impairs the obligation of contracts existing at the time of the passage of the said Act." In mandamus proceedings in the circuit court brought by creditors of the abolished municipality Chapter 15707, Acts of 1931, abolishing the City of South Miami, was held unconstitutional, and officers of the city by a peremptory writ were commanded to and did resume their respective duties as such city officials; that no appeal or

writ of error was taken from said peremptory writ; and facts are alleged showing respondents here were chosen to their respective offices.

The relators demurred to the response of plea, and by replication alleged that Section 3084 of the Compiled General Laws of 1927, makes provision for the payment of the debts of all abolished municipalities, and that the peremptory writ of mandamus referred to in the response is not *res adjudicata* and is not binding upon this Court.

The question presented is whether the Act purporting to abolish the municipality is a valid enactment since it does not provide for the payment of the debts of the city.

The Constitution contains the following:

"The Legislature shall have power to establish and to abolish municipalities, to provide for their government, to prescribe their jurisdiction and powers, and to alter or amend the same at any time. When any municipality shall be abolished, provision shall be made for the protection of its creditors." Article VIII, Section 8.

"If a municipal corporation goes out of existence by being anexed to, or merged in, another corporation, and, if no legislative provision is made respecting the property and liabilities of the corporation which ceases to exist, the corporation to which it is annexed, or in which it is merged, is entitled to all its property, and is answerable for all its liabilities." State v. Goodgame, 91 Fla. 871, 108 So. 836.

"CHAPTER 15707—(No. 107)

"AN ACT to Abolish the Municipality of South Miami in Dade County, Florida, and to Repeal Chapter 13425, of the Special Acts of the Legislature for the Year 1927, 'An Act to Abolish the Present Municipal government of the Town of South Miami, Dade County, Florida, and to Create, Establish and Recognize a Municipality to be Known and

Designated the City of South Miami, and to Define Its Territorial Boundaries and to Provide for Its Government, Jurisdiction, Powers, Franchises and Privileges, and to Authorize the Issuance of Municipal Bonds and for All Other Purposes.'

*"Be It Enacted by the Legislature of the State of Florida:* "Section 1. That Chapter 13425 of the Special Acts of the Legislature of the State of Florida, for the year 1927, be and the same is hereby repealed, the same being 'An Act to abolish the present municipal government of the Town of South Miami, Dade County, Florida, and to create, establish and recognize a municipality to be known and designated the City of South Miami, and to define its territorial boundaries and to provide for its government, jurisdiction, powers, franchises and privileges, and to authorize the issuance of municipal bonds and for all other purposes.'

"Section 2. That the City of South Miami, Dade County, Florida, be and the same is hereby abolished.

"Section 3. That all laws, or parts of laws, in conflict with this Act are hereby repealed. Provided, however, that this Act shall not become effective until ratified by a majority of those qualified electors of the said city who shall actually vote at an election which shall be called by the City Council, not less than thirty (30) and not more than forty-five (45) days from the passage of this Act.

"Approved June 26, 1931." Laws of Florida, Special Acts of 1931, Vol. 2, Part 2, pages 2129-2130.

Section 3084 (1951), Compiled General Laws, 1927, is not applicable here. It was first enacted as Section 730, Revised Statutes of 1892, and has reference to municipalities which, under Chapter 3317, Acts of 1881, Sections 3082 (1949), 3083 (1950), Compiled General Laws, 1927, may

by local election surrender their charters and not to those whose charters are repealed by the Legislature.

In this case Chapter 15707 does not create a new municipality or attach the abolished municipality to another, but expressly abolished the municipality of South Miami and entirely omitted to make any provision, express or implied, for the protection of the creditors of the abolished municipality. For this reason Chapter 15707, Acts of 1931, abolishing the City of South Miami is inoperative. Humpreys v. State, 108 Fla. 92, 145 So. 858, 4th headnote.

Demurrer to response overruled.

DAVIS, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.