J. DEVANE, *et al.,* v. E. B. LEATHERMAN,
Clerk Circuit Court.

151 So. 530.
Division A.
Opinion Filed December 8, 1933.
Rehearing Denied December 30, 1933.

*Samuel S. McCahill,* for Appellants;
*J. C. Sullivan,* for Appellee.

DAVIS, C. J.—This was a suit to enjoin the Clerk of the Circuit Court from advertising certain City of South Miami tax certificates for the issuance of tax deeds thereon if not redeemed by the property owners who were complainants in the court below. The Court dissolved a temporary injunction previously granted and dismissed the bill of complaint. The appeal is from that decree.

The unconstitutionality of Chapter 15707, Special Acts of 1931, which in terms abolished the City of South Miami, has been recently decided by this Court. State *ex rel.* Landis, Atty. Gen., v. Peacock, 112 Fla. 671, 151 Sou. Rep. 4 (opinion filed November 13, 1933). So the City of South Miami, as it was originally created by Chapter 13425, Special Acts of 1927, has in contemplation of law remained a *de jure* municipal corporation ever since its creation, with full power to function as such, despite the attempted enactment of Chapter 15707, *supra,* unconstitutionally undertaking to abolish it without making provision for its creditors as a condition precedent to its attempted dissolution as a going municipality.

It was the duty of the Clerk of the Circuit Court to determine, as a part of his official functions in connection with advertising the tax certificates for tax deeds, whether or not the applicants for tax deeds were in truth and in fact the lawful assigns of the certificates presented and filed, as well as the further fact that the papers presented as tax certificates were in truth and in fact the officially authenticated acts and doings of the City of South Miami as they purported to be. Only after having determined these questions in the affirmative, can the Clerk of the Circuit Court proceed to advertise the tax certificates as the basis for issuance of tax deeds thereon as provided by law. Appellants by their bill in the Court below merely attempt to collat-

erally attack the clerk's determination of jurisdictional facts relating to his duties in the premises, but such attack cannot be maintained by bill in equity brought by the delinquent tax payer to enjoin the issuance of tax deeds pursuant to the advertisements being published by the clerk.

Such rule is a necessary corollary to the statutory provision that all tax deeds issued by clerks of the circuit court under and pursuant to the provisions of law relating to issuance of such tax deeds shall be *prima facie* evidence of the regularity of the proceedings from the valuation of the land to the date of the deed, inclusive (See Section 4389 C. G. L., 2721 R. G. S.).

The other propositions involved and argued by appellants in this case must be decided against them on the authority of Lee v. Booker & Co., 108 Fla. 534, 146 Sou. Rep. 546; Ranger Realty Co. v. Hefty, 112 Fla. 654, 152 Sou. Rep. 439 (opinion filed November 13, 1933, at the present term) ; City of DeLand v. Boyd, 109 Fla. 328, 147 Sou. Rep. 575, and other cases of similar import, where it has been held that complaints against alleged excessive tax assessments so long delayed as those here involved, are not favorites of courts of equity, which will grant relief against tax certificates issued thereon, when held by third parties, only in the clearest and most urgent cases, and then only after complainant has first tendered and paid into court the lawful amount of taxes that could have been assessed against his land in lieu of the alleged excessively assessed taxes complained of.

Nor can the complainant by his bill of complaint, avoid the legal necessity of meeting the last stated requirement, by simply pleading, either generally or specifically, that no amount of taxes is due, since the law must conclusively presume that every property owner, not affirmatively shown

to be exempt, is due some amount of taxes on his holdings for every tax year. Ranger Realty Co. v. Hefty, *supra*. The case of West Virginia Hotel Co. v. Foster Co., 101 Fla. 1147, 132 Sou. Rep. 842, should be read in the light of what was said in the later case of Lee v. Booker & Co., *supra*, and when so read, is not controlling in this case.

Affirmed.

WHITFIELD, ELLIS, TERRELL, and BUFORD, J. J., concur.

BROWN, J., absent because of illness.