W. M. BUCHANAN, v. CITY OF TAMPA.

184 So. 104.
Division B.
Opinion Filed October 24, 1938.

*Edwin Brobston,* for Appellant;

*Alonzo B. McMullen* and *Ralph A. Marsicano,* for Appellees.

CHAPMAN, J.—This case is here on appeal from an order dated January 27, 1937, entered by the Circuit Court of Hillsborough County, Florida, dismissing an amended bill of complaint for want of equity. The bill of complaint alleges that the plaintiff below, who is appellant here, owned

real estate situated within the City of Tampa; that the plaintiff, under protest, paid the taxes due on his property for the years 1934 and 1935; and that his said property was not by the taxing authorities of the City of Tampa assessed equally and uniformly as required by the Constitution and laws of Flórida. The prayer of the bill seeks a credit on the taxes due for 1936, the excess of the taxes paid for the years 1934 and 1935, under protest, and for injunction against collecting other taxes on the property, on the theory of excessive valuations for the purpose of assessments, contrary to the Constitution and laws of Florida. Plaintiff did not pay into court at the time of filing his bill of complaint any sum of money which he admitted to be legally due by him for the 1936 levy, as is required by Section 1038 C. G. L. An excessive valuation of property for taxation purposes should be duly challenged before the assessments are completed and not after payment has been made. Lee v. Booker & Co., Inc., 108 Fla. 534, 146 So. 546; Hackney, v. McKenny, 113 Fla. 176, 151 So. 524. Payment of taxes is not dependent upon the result of litigation concerning valuations for previous taxation.

We have not been supplied with citations of authorities by counsel for appellant to the effect that the payment of taxes to the City of Tampa for the years 1934 and 1935, under protest, gave him a right to maintain the suit at bar, but this Court, in the case of Johnson, v. Atkins, 44 Fla. 185, 32 So. 879, held that taxes paid to an officer authorized to receive them can not be recovered from such officer by the party paying them. See Jefferson County, v. Hawkins, 23 Fla. 223, 2 So. 362. See also Miner, v. Clifton Tp. 30 S. D. 127, 137 N. W. 585. Section 8 of Article IX, Constitution of Florida, provides:

"Section 8. No person or corporation shall be relieved by any court from the payment of any tax that may be illegal,

or illegally or irregularly assessed, until he or it shall have paid such portion of his or its taxes as may be legal, and legally and regularly assessed."

The failure on the part of the plaintiff to comply with Section 8, *supra,* and Section 1038 C. G. L. rendered the amended bill of complaint fatally defective, so there was no error committed on the part of the lower court in entering the order dismissing the bill of complaint.

It is contended by counsel for appellant that the allegations of the amended bill are identical with the allegations appearing in the case of City of Tampa, v. Colgan, 111 Fla. 538, 149 So. 587. We have carefully considered this authority and fail to reach the same conclusion as counsel for appellant.

The law contemplates that a wide discretion be accorded to the Tax Assessors in the valuation of property for the purpose of taxation. In the absence of a clear and positive showing of fraud, or of an illegal act, or of an abuse of discretion rendering an assessment authorized by law so arbitrary and discriminatory as to amount to a fraud upon the tax payer, or to a denial of the equal protection of the law, the courts will not in general control the discretion of tax assessors in making valuations for taxation purposes. The burden of taxation can not be made equal. See German-American Lumber Co., v. Barbee, 59 Fla. 493; 52 So. 292. We do not believe that the allegations of the bill of complaint are sufficient to show that the excessive valuation was arbitrarily and intentionally made to the effect that the conduct of the Tax Assessor in fixing the valuations, as made, amounted in law to a fraud upon the rights of the appellant here, as was expressed in the case of City of Tampa, v. Palmer, 89 Fla. 514, 105 So. 115.

The plaintiff below should be allowed an opportunity to amend his bill of complaint so as to come within the provi-

sions of Section 8, Article IX of the Constitution of Florida, and Section 1038 C. G. L. The decree appealed from is affirmed without prejudice on the part of appellant to make application to the lower court for leave and authority to file an amended bill of complaint under such terms and conditions as may appear proper, not inconsistent, with this opinion.

It is so ordered.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, C. J. and TERRELL and BUFORD, J. J., concur in the opinion and judgment.