CITY OF FORT MYERS, a Municipal Corporation, *et al.*
v. FLORIDA HEITMAN, a widow, *et al.*

4 So. (2nd) 871
En Banc
Opinion Filed November 7, 1941
Rehearing Denied December 30, 1941

*Parker Holt,* and *Treadwell & Treadwell,* for Petitioners;

*Sheppard, Clements & Woolslair,* for Respondents.

WHITFIELD, J.—An application is made for an interlocutory writ of certiorari under Supreme Court Rule 34 to review two orders in an equity suit denying a motion to strike paragraph XIII of an amendment to the third amended bill of complaint and a motion to dismiss the bill of complaint for want of equity. It is sought to enjoin the collection of municipal taxes assessed upon stated real estate in the city for the years 1936, 1937 and 1938, upon the contention that the assessments for 1936 and 1937 are void because made in the name of "H. E. Heitman Est."; and to enjoin such taxes for 1938 upon the ground that the valuations are discriminatory and excessive for stated reasons.

The State Constitution provides that "That Legislature shall provide for a uniform and equal rate of taxation. . . , and shall prescribe such regulations as shall secure a just valuation of all property, both real

and personal, excepting such property as may be exempted by law for . . ." stated purposes. Sec. 1, Art. IX. "The Legislature shall authorize the several counties and incorporated cities or towns in the State to assess and impose taxes for county and municipal purposes, and for no other purposes, and all property shall be taxed upon the principles established for State taxation." Sec. 5, Art. IX.

Under the above organic provisions the *rate* of all ad valorem taxation in a taxing unit shall be equal and uniform, and the valuation of all taxable property for ad valorem taxation must be *just*. The principles established for State taxation of property apply to the taxation of property for municipal purposes.

Statutes prescribe the method of assessing taxable property for authorized ad valorem and such enactments should be faithfully followed. Illegalities in *making assessments* for duly authorized ad valorem taxation might not affect the legal duty to pay a lawful tax (See Dewhurst v. City of St. Augustine, 91 Fla. 314, 107 So. 689) though a valid tax title to lands may not be acquired when it is predicated entirely upon an illegal *assessment* of an authorized ad valorem tax. See Van Valkenburg v. Rhodes, 136 Fla. 406, 182 So. 846.

Chapter 10040, Acts of 1925, as amended in 1929 and 1935, now Sec. 894 of 1936 Perm. Supp. to C.G.L., provides that

"All taxes imposed pursuant to the Constitution and laws of this State shall be a first lien superior to all other liens on any property against which such taxes have been assessed which shall continue in full force and effect until discharged by payment, and no act of omission, or commission on the part of any

tax assessor, or any assistant tax assessor, or any tax collector or any board of county commissioners, or any clerk of the circuit court, or any other officer of this State or any newspaper in which any advertisement of sale may be published, shall operate to defeat the payment of said taxes; but any such acts of omission or commission may be corrected at any time by the officer or party responsible for the same in like manner as is now or may hereafter be provided by law for performing such acts in the first place, and when so corrected they shall be construed as valid *ab initio* and shall in no way affect any process provided by law for the enforcement of the collection of any such tax. Nothing contained in this law shall be construed as in any way affecting any suit now pending in any court of this State for the foreclosure of any tax certificate or tax certificates or tax deeds."

At least since the effective date of the above statute, June 1, 1925, an illegal assessment of taxes upon lands may be amended where the tax is duly authorized; and as the statute requires returns to be made of property for taxation and requires legal taxes to be paid, and affords a remedy for illegal tax roll assessments, Secs. 917 (715), 894, 5082 (3274) C.G.L., when the owner seeks, or those in privity with the owner seek, in a court of equity, to avoid the payment of the taxes assessed against the lands, the taxes legally assessable against the lands and not discharged by payment or other legal means, should be paid or otherwise discharged as the law may provide, before final judgment or decree for the taxpayer is rendered. See Secs. 1008 and 1038 5034 C.G.L.

The Constitution provides that "all property shall be taxed upon the principles established for State

taxation," Sec. 5, Art. IX. The principles established in the statutes above quoted and cited are to be applied to municipal taxation in proper cases.

In this case if the property was or was not returned for taxes as required by law, and the taxpayer had duly invoked the correcting statutory remedies without success, still, when it is sought to enjoin collection of the entire tax leived for some years, not because the taxation was not authorized by law but because the property was without authority of law, assessed on the tax rolls to "H. E. Heitman Est.," or because the valuations are excessive, or because of unjust discriminations in valuations or in not assessing all property that is subject to the same taxation, the plaintiff must offer to do equity; and, if so required, pay in the portion not reasonably claimed to be illegal and then may contest the remainder. See Sec. 1038 C.G.L.; Dewhurst v. City of St. Augustine, *supra;* L. &. N. R. Co. v. Amos, 98 Fla. 350, 123 So. 745; Ranger Realty Co. v. Hefty, 112 Fla. 654, 152 So. 439; Hackney v. McKenny, 113 Fla. 176, 151 So. 524; Arundel Corp. v. Sproul, 136 Fla. 167, 186 So. 679; City of Tampa v. Wiley, 137 Fla. 126, 188 So. 134; Burnett v. Neclar, 142 Fla. 145, 194 So. 324; Devane v. Leatherman, 113 Fla. 216, 151 So. 530.

The tax in this case is not wholly illegal, as in City of Winter Haven v. Lake Elbert Citrus Fruit Co., 122 Fla. 422, 165 So. 360. See also Coombes v. City of Coral Gables, 124 Fla. 374, 168 So. 524, where the entire assessment was illegal.

The tax assessments on the rolls for 1936 and 1937 in the name of "H. E. Heitman Est." are not authorized by law, but an appropriate tax levy was authorized and has not been paid. The taxpayer could

have had the unauthorized assessment corrected to show the real owner, but did not do so. Such taxpayer is required to pay the taxes that could have been lawfully assessed, before the equitable relief prayed will be granted. See Secs. 1008, 1038, C.G.L.; Dewhurst v. City of St. Augustine, 91 Fla. 314, 107 So. 689.

The order denying the motion to dismiss the bill of complaint is without error.

The motion to strike was directed to the following amendment to the third amended bill of complaint:

"That on the assessment roll of defendant, City of Fort Myers, for each of said years, 1936 and 1937, as such rolls were certified to the tax collector of said defendant, all of plaintiffs' said business property, described and listed as Parcels 1 to 9, inclusive, aforesaid, was assessed as the property of H. E. Heitman Est. Plaintiffs offer to pay all taxes legally and regularly levied against plaintiffs' said business property by defendant, City of Fort Myers, for the year 1938, and to do equity by paying that portion of said taxes assessed against said property for the year of 1938 which the court may decree to be justly due."

By this amendment plaintiffs offered to pay taxes justly due only for the year 1938, contrary to the law as stated above to be applicable to this case. Such amendment should have been stricken, and it was error to deny the motion to strike it.

An interlocutory writ of certiorari will be issued and the order denying the motion to strike paragraph XIII of the amendment to the third amended bill of complaint is quashed and the cause is remanded for appropriate proceedings.

It is so ordered.

BUFORD, CHAPMAN, THOMAS, and ADAMS, J. J., concur.

BROWN, C. J., dissents.