STATE OF FLORIDA, ex rel. J. T. ROBERTSON, W. COMBS YOUNG, and ROBERT A. MERRELL, as and constituting the BOARD OF COMMISSIONERS OF EAST VOLUSIA COUNTY ANTI-MOS-QUITO DISTRICT, v. PETER GESSNER, J. H. GRAHAM, ELMER BLANK, GEORGE BECK and BEN D. THURSBY, as and consti-tuting the BOARD OF COUNTY COMMISSIONERS OF VOLUSIA COUNTY, FLORIDA: I. WALTER HAWKINS, as Clerk of the Circuit Court and ex officio clerk of the Board of County Commis-sioners of Volusia County, Florida; W. HOMER SMITH as Tax Assessor of Volusia County, Florida; C. S. PAUL as Tax Collector of Volusia County, Florida; and J. M. LEE as Comptroller of the State of Florida.

16 So. (2nd) 51  
December 23, 1943

June Term, 1943  
Division A

*Herbert F. Fuller,* for relators.

*Chas. W. Luther* for County Officials and *J. Tom Watson,* Attorney General, and *George M. Powell,* Assistant Attorney General, for the Comptroller of the State of Florida, respond-ents.

TERRELL, J.:

On petition of relators, alternative writ of mandamus was directed to the respondents commanding them to determine the millage necessary to realize $23,720.00, being the budget amount found necessary to administer East Volusia County Anti-Mosquito District for the fiscal year 1943-1944 and in addition thereto the regular levy required to administer said District for the fiscal year 1944-1945, to assess and collect said amount based on a millage and assessment fixed by respondents for the tax year 1944 and to do and perform all other acts required by law essential to the validity of said tax or to show cause on a day certain why they refuse to do so.

There was a demurrer and motion to quash the alternative writ which raise the same questions. There is no dispute as to the essential facts. It is stipulated that the court make final disposition of the cause when the demurrer and motion to quash is ruled on as no further pleadings will be filed or be necessary to adjudicate the questions raised.

The first question presented will be stated as follows: May the taxing officials of a special taxing district be required by mandamus to assess and collect in one year the budget taxes for the preceding year when it is shown that such a levy will not exceed the millage provided by law for any one year?

It is admitted that East Volusia County Anti-Mosquito District was created by Chapter 18963, Acts of 1937, that respondents are the duly authorized taxing officials of the District, that they are fully authorized to impose and collect the tax in question, that it will not exceed the statutory millage for any one year and that the failure to impose and collect the 1943-1944 budget taxes was through inadvertence and oversight. It is contended that the taxes for both years cannot be legally imposed for the current year.

The Legislature found as a fact that the creation of East Volusia County Anti-Mosquito District was essential to the health, comfort and welfare of the district and that the act should be liberally construed to effectuate this purpose. It is also shown that if the peremptory writ is granted, it will

require a tax of approximately 1.1 mills which will be within the statutory levy of 2 mills for any one year.

We think that in view of these facts and the terms of the act, the obligation was on the district and its officers to impose and collect the tax for the administration of the district and that such obligation was a continuing one until performed, there being no claim whatever that the tax would be unreasonably heavy or confiscatory. State ex rel. Supreme Forest Woodmen Circle v. Show, et al., 113 Fla. 241, 151 So. 393; Jinkins v. Entzminger, 102 Fla. 241, 135 So. 785; Hicks v. Cleveland, 106 Fed. 459; See also Section 192.21 Florida Statutes of 1941 as construed in City of Fort Myers v. Heitman, 148 Fla. 432, 4 So. (2nd) 871.

It is next contended that mandamus at this time to require the 1943 tax assessment to be included in the 1944 assessment is premature and should not be sought before time for making the 1944 budget.

If this action involved a mere anticipatory neglect of duty, there would be merit to this contention but that is not the case. On account of respondent's failure to impose the 1943 tax the affairs of the district are very much embarrassed and unless the relief as prayed for is granted, it is shown that it will have to cease functioning and abandon the purpose for which it was created. This will mean a loss of expenditures heretofore made and leave the district at sea as to future operation. It results that the main purpose of the mandamus is not to halt an anticipated default but to redress and salvage injury from a default already committed. State, ex rel. Harrington v. City of Daytona Beach, 118 Fla. 773, 160 So. 501; City of Austin v. Cahill, 99 Tex. 172, 88 S.W. 542.

A third question is urged but is fully comprehended and answered in what we said in answer to the first question.

It follows that the demurrer and motion to quash the alternative writ are overruled and the motion for peremptory writ of mandamus is granted.

It is so ordered.

BUFORD, C. J., CHAPMAN and ADAMS, JJ., concur.