TERRELL, Justice.
In May, 1956, Southeastern Palm Beach County Hospital District and the Board of Commissioners of Southeastern Palm Beach County Hospital District, hereinafter referred to as the District, filed petition to validate bonds of said District for the purpose of erecting a hospital as authorized by Chapter 29387, Special Acts of 1953. The required notice was given and rule nisi was issued. Answer was.filed by the state; Cecil A. Young was permitted to intervene and file motion to dismiss and answer to the petition. At final hearing after testimony was taken, the. chancellor overruled all defenses to the petition and entered final decree validating the bonds. This appeal is from the final decree of validation in which the intervenor did not participate.
It is first contended that the legislature was without power to create a special taxing district from a portion of Palm Beach County for the purpose of erecting a hospital in said district, to issue bonds and impose taxes to pay interest on and retirement of said bonds.
*810 It appears that this question was answered contrary to the contention of appellant by Langley v. South Broward Hospital District, Fla., 53 So.2d 781. This case had to do with the validity of Chapter 24415, Special Acts of 1947, creating South Broward Hospital District. Chapter 29387, Special Acts of 1953, except as to boundaries and location, was a duplicate of Chapter 24415, Special Acts of 1947, the validity of which was upheld in the last cited case. See also Lee v. Atlantic Coast Line R. Co., 145 Fla. 618, 200 So. 71; Hunter v. Owens, 80 Fla. 812, 86 So. 839; State ex rel. Board of Commissioners of Indian River Mosquito Control Dist. v. Board of County Commissioners of Indian River County, 103 Fla. 946, 138 So. 625; State ex rel. Board of Commissioners, etc. v. Helseth, 104 Fla. 208, 140 So. 655; State ex rel. Robertson v. Gessner, 153 Fla. 865, 16 So.2d 51.
It is next contended that the requirements of Chapter 29387, Special Acts of 1953, were not met in that the published notice of the special election to ratify or reject said chapter did not show the polling places within the district where such election would be held and did not show the hours within which said election would be held but merely mentioned the polling places at which the election held the same day for election of school trustees would be conducted.
The notice of election complained of is as follows:
“Notice of Special Election to be held on November 8, 1955, Relating to Southeastern Palm Beach County Hospital District.
“Notice is hereby given that a Special Election will be held in County Precincts Nos. 25, 26, 27, 28 and 30 ('that part of said Precincts lying East of S.R. number 7) on November 8, 1955 for the purpose of ratifying or rejecting the terms and provisions of Chapter 29387, Laws of Florida, Acts of 1953, Creating and Incorporating a Special Tax District to be known as Southeastern Palm Beach County Hospital District. Only qualified electors owning real property in the territory covered by said Hospital District shall be entitled to vote at said election.
“The territory covered by said District is as follows: * * * (particularly described).
“The polling places for said election, and the election officers who shall conduct the election are the same as those selected and appointed for the election of School Trustees on said date."
It is a fact that a special election was being held in the District for election of school trustees on the date designated for approving or rejecting Chapter 29387 creating the Hospital District. There was no legal reason why both said elections could not be held on the same date. We do not think the objection to the notice was material. Chapter 29387, Special Acts of 1953, required that it be submitted to the qualified electors who are freeholders for approval or rejection. In the final decree the chancellor found that such an election was duly called for November 8, 1955, as required by Chapter 29387, that a majority of the qualified electors owning real estate in said District ratified all the terms of said Chapter 29387, the vote being 2028 votes for ratification and 189 votes against ratification. The chancellor, further found that none of the irregularities complained of in any way affected the outcome of the election, that it was amply publicized and no one was misled in any way.
The chancellor further found that an election was held in the District March 27, 1956, to approve or disapprove issuance of the bonds for construction of the hospital; that said election was in all respects held as required by law and resulted in said bond issue being approved by a vote of 2782 for approval and 204 votes against approval and that a majority of the quali *811 fied electors of said District who were freeholders at the time of the election both participated in said election and voted to approve said bonds.
It is accordingly our view that ample necessity for the hospital was shown, that Chapter 29387, Special Acts of 1953, authorizing it was regularly and legally approved, and issuance of bonds was approved by the freeholders as required by Section 6, Article IX of the Constitution, F.S.A. so the validating decree is affirmed.
Affirmed.
THORNAL and O’CONNELL, JJ., concur.
DREW, C. J., and TERRELL, THOMAS, HOBSON, THORNAL and O’CON-NELL, JJ., concur specially.
ROBERTS, J., not participating.