164 So.2d 806 (1964)
COLLINS INVESTMENT CO., a Florida corporation, Appellant,
v.
METROPOLITAN DADE COUNTY, a political subdivision of the State of Florida, Board of County Commissioners, elected governing body of Metropolitan Dade County, Florida, Irving G. McNayr, as County Manager of Metropolitan Dade County, Florida, and Ray E. Green, Comptroller of the State of Florida, Appellees.
No. 32644.
Supreme Court of Florida.
February 19, 1964.
Rehearing Denied March 31, 1964.
Leonard D. Baskin, Miami, for appellant.
Darrey A. Davis, County Atty., and Thomas C. Britton, Asst. County Atty., for appellees.
THORNAL, Justice.
By direct appeal we have for review a final decree of a chancellor expressly upholding the validity of Section 196.01, Florida Statutes, F.S.A.
We must decide whether an ad valorem taxpayer who complains against an alleged excessive assessment must deposit with his complaint the amount of taxes admitted to be legally due.
On November 29, 1962, appellant Collins Investment Co., filed its complaint. It attacked *807 the validity of the 1962 county assessment of its property for ad valorem taxing purposes. The complaint alleged that the assessment was illegally excessive and discriminatory. It alleged that the property had been assessed at a value of $181,000. It conceded that the maximum legal assessment would not exceed $85,559.00. The complaint sought an injunction against the collection of any taxes until an adjudication of a legal assessment could be obtained. It alleged that the plaintiff was "unable to determine what taxes were lawfully and justly due." The plaintiff offered to do equity but made no deposit of any amount when the complaint was filed. There was an offer to pay such amount as the Court should direct to be legally due. It was agreed that the tax roll became final on October 1, 1962. A motion to dismiss the complaint was filed December 20, 1962. On March 22, 1963, plaintiff filed a motion for a temporary injunction. These motions came on for hearing on March 29, 1963. At the hearing plaintiff sought leave to amend its complaint. It then tendered a check for the amount of taxes which plaintiff alleged would be legally due and payable. On April 4, 1963, the chancellor dismissed the complaint with prejudice. As the basis for his order of dismissal the chancellor announced that the tender of the amount legally due did not accompany the filing of the complaint. He held that it could not be made beyond the 60 day period prescribed by Section 192.21, Florida Statutes, F.S.A. It is this decree which we now review.
The chancellor held that Section 196.01, supra, required a deposit of the amount of the admittedly legal portion of the tax simultaneously with the filing of the complaint. He overruled plaintiff's contention that the statute is unconstitutional. He further held that under Section 192.21, supra, the time for filing the complaint expired on December 1, 1962. He concluded that no tender could be made after that date.
The appellant here contends that the tender of taxes admittedly due could properly be made at any time before relief was granted provided the complaint itself was filed within the statutory 60 day period. It is also contended that if given any different construction, Section 196.01, supra, would be unconstitutional.
Section 192.21, Florida Statutes, F.S.A., is a legislative effort to establish finality of tax assessments. It provides in part, as follows:
"* * * no assessment shall be held invalid unless suit be instituted within sixty days from the time the assessment shall become final, * * *."
In the instant case it is admitted that the 60 day statutory period expired December 1, 1962. The complaint was filed November 29, 1962.
Section 196.01, Florida Statutes, F.S.A., recognizes the jurisdiction of courts of chancery to inquire into the validity of tax assessments. It provides in part, as follows:
"* * * provided that the complainant shall in every case tender into court and file with the complaint the full amount of any such tax, assessment or toll which he shall admit to be legal and due by him, or file with the complaint a receipt showing payment of the same prior to the institution of the suit. * * *"
Our problem is to determine whether the tender required by Section 196.01, supra, must be made within the 60 day limitation period provided by Section 192.21, supra.
In our examination of the statutes and controlling precedents we also deem it advisable to take note of Article IX, Section 8, Florida Constitution, F.S.A., which reads, as follows:
"Sec. 8. No person or corporation shall be relieved by any court from the *808 payment of any tax that may be illegal, or illegally or irregularly assessed, until he or it shall have paid such portion of his or its taxes as may be legal, and legally and regularly assessed."
It is of considerable importance to observe that the Constitution merely precludes the granting of any relief until the legally assessed taxes are paid. The Constitution does not interject a condition to the filing of the suit. It simply circumscribes the granting of relief with the condition requiring the payment of any amount legally due.
Over the years Section 196.01, supra, has been consistently construed as a legislative condition to granting relief as distinguished from a condition to filing suit. In numerous cases where tax assessments have been assaulted this Court has held that the statutory requirement of a tender is effectively met if the tender is made or required as a condition to relief. This may be accomplished beyond the 60 day period for the filing of suit stipulated by Section 192.21, supra.
We note in passing that the 60 day limitation for the filing of the complaint has been held to be constitutional. Nash v. Merritt Island Lumber Co., Fla.App., 110 So.2d 677; Thompson v. City of Key West, Fla. 1955, 82 So.2d 749; Dade County v. DuPont Plaza, Fla.App., 117 So.2d 849, quashed on other grounds, Fla., 125 So.2d 564, opinion conformed, Fla.App., 128 So.2d 151; Rudisill et ux. v. City of Tampa, 151 Fla. 284, 9 So.2d 380.
Section 196.01, Florida Statutes, F.S.A., originated as Chapter 8586, Laws of Florida 1921. Prior to that time this Court had applied Article IX, Section 8, supra, as requiring a complaining taxpayer to make a deposit of the amount legally due as a condition to obtaining relief against a tax roll even though no tender was made with the complaint. City of Tampa v. Mugge, 40 Fla. 326, 24 So. 489; Pickett v. Russell, 42 Fla. 116, 28 So. 764.
After the passage of Chapter 8586, Laws of 1921, now Section 196.01, Florida Statutes, F.S.A., the Court applied the same rule. Since then the rule has been that the requirements of the statute are met if there is an offer to do equity and the trial judge requires a deposit of the valid portion of the tax before he grants any relief. Louisville and N.R. Co., et al. v. Amos, 98 Fla. 350, 123 So. 745. Where a taxpayer assaulted an assessment but failed to tender with the complaint the amount of taxes admittedly due, the Court held that an amended complaint with a proper tender should be allowed as a condition to relief. Arundel Corp. v. Sproul, 136 Fla. 167, 186 So. 679. Section 196.01, supra, was similarly construed in City of Tampa et al. v. Wiley, 137 Fla. 126, 188 So. 134. There, the trial judge denied a motion to dismiss a complaint. The motion was grounded on the plaintiff's failure to pay the tax legally due at the time of filing the complaint. The denial of the motion was sustained. This Court held that under the Constitution and statute the chancellor had the power to determine such amounts as appeared legally due and require a deposit thereof as a condition to relief. An identical construction of the statute was applied in City of Fort Myers v. Heitman, 148 Fla. 432, 4 So.2d 871; Id., 149 Fla. 203, 5 So.2d 410. When so construed Section 196.01, supra, does no violence to the Constitution.
By analogy Section 196.05, Florida Statutes, F.S.A., precludes the granting of relief against any tax sale until the property owner shall have paid the amount of taxes which could have been lawfully assessed. This statute has consistently been applied as requiring the payment of the amount lawfully due as a condition to any relief rather than as a condition to the filing of the suit. Ranger Realty Co. v. Hefty, 112 Fla. 654, 152 So. 439; West Virginia Hotel Corporation v. W.C. Foster Co., 101 Fla. 1147, 132 So. 842; Adams v. Fielding, 148 Fla. 552, 4 So.2d 678.
Appellees rely principally upon Florida Land Co. v. Graham, 97 Fla. 476, 121 So. *809 462. This decision is not controlling. There the complaint itself was deemed insufficient and no tender at all was made, either with the complaint or when relief was sought. Similarly, in Buchanan v. City of Tampa, 134 Fla. 618, 184 So. 104, it was held that the complaint should offer to do equity by agreeing to pay the taxes due as a condition to relief. However, leave to amend the complaint was granted. These cases do not support the decree of dismissal with prejudice entered in the instant case.
We now recur to our consideration of the 60 day limitation period for filing suit prescribed by Section 192.21, Florida Statutes, F.S.A. This is necessary because of the chancellor's view that the tender was mandatory at the time of the filing of the complaint during the statutory 60 day period. This was the holding despite the prior decisions of this Court to the effect that the tender of the amount admittedly due would be timely if made prior to the granting of any relief.
Section 192.21, supra, which provides for the 60 day limitation on filing suit originated as Chapter 10040, Laws of 1925. It was amended from time to time until it culminated in its present form in Chapter 22079, Laws of 1943. The important consequence to note is that when the Legislature prescribed the 60 day period, the Court had already supplied its interpretation of the requirement regarding the tender of the amount of taxes legally due. The Legislature has reconsidered Section 192.21 many times. At no time has it undertaken to change by statute this Court's interpretation of the tender section to the effect that the requirement is met if the tender is made prior to the granting of any relief rather than simultaneously with the filing of the complaint.
It is a rule of statutory constructon that the Legislature is presumed to know the existing law when a statute is enacted. When a statutory provision has received a definite judicial construction, a subsequent re-enactment will be held to amount to a legislative approval of the judicial construction. The Legislature is presumed to be acquainted with judicial decisions on the subject concerning which it subsequently enacts a statute. 30 Fla.Jur. "Statute" Section 104; 50 Am.Jur., "Statutes" Section 321.
By applying these rules we must assume that the Legislature had full knowledge of this Court's interpretation of Section 196.01, supra, the tender section, when it enacted and amended from time to time the acts now constituting Section 192.21, supra, the 60 day section. Consequently, we feel justified in concluding that the Legislature has never intended that the deposit of the amount of taxes conceded to be legally due is a jurisdictional prerequisite that must be made during the 60 day period allowed for the filing of the complaint under Section 192.21, supra. This interpretation is likewise consistent with the provisions of Article IX, Section 8, Florida Constitution, which merely requires that the payment of taxes conceded to be legally due is a condition to the granting of any relief rather than a condition to the filing of the complaint. Any other interpretation might well be held to violate this provision of the organic law. A similar resolution of the problem was reached by the District Court of Appeal, Third District, in Dade County Land Development Corp. et al. v. Dade County, Florida, 157 So.2d 142.
We, therefore, are led to conclude that the chancellor committed error when he dismissed the complaint with prejudice and denied relief because of the failure of the plaintiff to make the deposit during the statutory 60 day period for filing the complaint. Under the cited cases the chancellor would be authorized to grant the temporary relief contingent upon the plaintiff making a deposit of the amount admittedly due. This assumes, of course, that relief is otherwise justified by the showing made. In the instant case the plaintiff has alleged the amount of a maximum valid assessment which easily could be used as a guide to the *810 determination of the amount of the deposit which could be required.
For the reasons stated the decree is reversed and the cause is remanded for further proceedings consistent herewith.
It is so ordered.
DREW, C.J., and ROBERTS, O'CONNELL and CALDWELL, JJ., concur.
THOMAS, J., dissents.