The Honorable Frank A. Messersmith Representative 83rd District
QUESTION:
Where a special tax district has been created by a special act of the legislature which required referendum approval prior to the establishment of the special tax district, and a referendum was in fact conducted and the voters approved the establishment of the special tax district, is a second referendum election required in order to approve a legislative act contracting the area within the district subject to ad valorem property taxation by the district?
SUMMARY:
Section 10, Art. III, State Const., specifies alternative means of providing notice to affected persons regarding the enactment of a special law. Before a special law may be passed, one of two things must have occurred: (1) there must have been notice of intention to seek enactment of the special law published in the manner provided by general law, i.e., ss. 11.02-11.03, F.S., or (2) the law must contain a referendum provision and the effectiveness of the law must depend on a favorable vote in the referendum. Thus, a referendum is not required if there has been notice of intention to seek enactment of the special law published in the manner provided by general law. The fact that original enabling legislation requires approval by vote of the electors of an affected area does not mandate that a referendum be held to approve amendatory legislation such as proposed legislation to contract the boundaries of a special tax district.
The Southeastern Palm Beach County Hospital District was created by ch. 29387, 1953, Laws of Florida, which required referendum approval prior to the establishment of the special tax district. An election was duly called for November 8, 1955, as required by ch. 29387, supra, and the creation of the district was approved by the voters. See State v. Southeastern Palm Beach County Hospital District, 90 So.2d 809 (Fla. 1956). The special act creating the tax district has been amended on several occasions, but none of the amendments are material to the issue set forth above. The propriety of a special legislative act contracting the area within the district subject to ad valorem taxation by the district is currently under consideration and you inquire whether a referendum will be required to effectuate such an act because a referendum was required for the establishment of the tax district.
The proposed special act would exclude the City of Boca Raton from the Southeastern Palm Beach County Hospital District and you state that it is recognized that the obligations of outstanding bond indebtedness of the district may not be impaired by such exclusion and that exclusion of the City from the district would require the continued levy of ad valorem taxes necessary to pay the annual debt service on such bonds until the bonds are retired. That issue, therefore, will not be addressed herein.
Section 10, Art. III, State Const., provides:
 No special law shall be passed unless notice of intention to seek enactment thereof has been published in the manner provided by general law. Such notice shall not be necessary when the law, except that provision for referendum, is conditioned to become effective only upon approval by vote of the electors of the area affected.
In accordance with the above constitutional provision, before a special law may be effectively passed, one of two things must have occurred: (1) there must have been notice of intention to seek enactment of the special law published in a manner provided by general law, see ss. 11.02-11.03, F.S. or (2) the law must contain a referendum provision and the effectiveness of the law must depend on a favorable vote in the referendum. Section 10, Art. III, State Const., specifies alternative means of providing notice to affected persons regarding the enactment of a special law. See
AGO's 079-20, 077-40 and 059-98. Parenthetically, as noted in AGO 059-98, where an act is properly enacted pursuant to notice duly published as required by the Constitution, the Legislature may nevertheless validly require the submission of such act to a referendum of those voters whom the Legislature considers to be vitally interested in the matter. See also Pinellas County v. Laumer 94 So.2d 837 (Fla. 1957). Thus, a referendum is not required under the provisions of s. 10, Art. III, State Const., if
there has been notice of intention to seek enactment of the special law published in the manner provided by general law. Section 10, Art. III, State Const., was derived from s. 21, Art. III, State Const. 1885, as amended, the constitutional provision in effect at the time the district was created. Section 10, Art. III, State Const. and its predecessor, s. 21, Art. III, State Const. 1885, read essentially the same for the purposes of this opinion which explains why a referendum was held on the initial legislation creating the special district, i.e., the initial legislation apparently provided for a referendum in lieu of publication of notice. The fact that the initial legislation provided for a referendum does not, however, mandate that a referendum be held to contract the boundaries of the special district.
It is clear that published notice of the intention to seek enactment of the special legislation or referendum approval of such legislation by the electors in the affected area arealternative conditions precedent to the validity and effectiveness of the subject legislation. See State ex rel. Cotterill v. Bessinger, 133 So.2d 409 (Fla. 1961); Dickinson v. Bradley, 298 So.2d 352 (Fla. 1974); AGO 077-40. In the absence of such published notice or referendum provision, the special legislation would be invalid and inoperative. Horton v. Kyle,88 So. 757 (Fla. 1921); Harrison v. Wilson, 163 So. 233 (Fla. 1935); State ex rel. Gray v. Stoutamire, 179 So. 730 (Fla. 1938); Budget Commission of Pinellas County v. Blocker, 60 So.2d 193 (Fla. 1952).
Prepared by: Linda Lettera, Assistant Attorney General