THE STATE OF FLORIDA, ex rel. ATLANTIC-GULF SPECIAL ROAD & BRIDGE DISTRICT OF THE STATE OF FLORIDA, by C. D. COX, B. T. REDSTONE and B. H. HOLCOMB, as and Constituting THE BOARD OF BOND TRUSTEES Thereof, *Relators*, v. A. F. BASS, Chairman, J. NATHAN BRYAN, H. O. PARTIN, P. THOMASELLO, SR., and F. W. AMES, Members of and Constituting the BOARD OF COUNTY COMMISSIONERS OF OSCEOLA COUNTY, FLORIDA, *Respondents*.

En Banc.

Opinion filed October 10, 1928.

*Vocelle & Mitchell,* Attorneys for Relators;

*Pat Johnston,* Attorney for Respondents.

BUFORD, J.—This case originated in this court by the filing of petition for writ of mandamus to compel the Board of County Commissioners of Osceola County, Florida, to include in the tax levy for the year 1928 for Osceola County, Florida, as assessment of twenty (20) mills on the dollar against all of the taxable property in Osceola County within the territorial limits of Atlantic-Gulf Special Road

and Bridge District of the State of Florida and to require such Board of County Commissioners to order and direct the county tax assessor of said county to assess such amount of taxes against such property, which said amount of taxes had theretofore by resolution been levied by the Board of Bond Trustees of Atlantic-Gulf Special Road and Bridge District of the State of Florida, to provide a fund for the purpose of paying interest and providing a sinking fund for the payment of interest and principal of the bonded indebtedness outstanding against said district.

It was alleged in the petition that the relators were the duly elected, qualified and acting bond trustees of Atlantic-Gulf Special Road and Bridge District of the State of Florida and that the levy contemplated was and is absolutely necessary to provide the funds for the payment of principal and interest of the outstanding bonded indebtedness of the district and that without the same being so assessed and collected the said district will default in its bonded indebtedness and cannot pay off and discharge the same.

It was alleged that the district was created by Chap. 11127 of the laws of Florida, Acts of 1925, and that such Act of the Legislature created a board of bond trustees and authorized and empowered the board of bond trustees annually to levy upon all the taxable property in said district a sufficient tax to pay the interest and to provide and maintain a sinking fund for the payment of interest and principal of the bonds provided for or authorized by said Act. That pursuant to the provisions of said Act, the board of bond trustees of said district, by resolution duly adopted, called an election to be held in said district on the 11th day of August, 1925, for the purpose of determining whether or not bonds of said district in the amount of One Million ($1,000,000.00) Dollars should be authorized and issued for the purpose of constructing and maintain-

ing a road with all necessary bridges and culverts as described in the Act creating such district. That pursuant to such resolution such election was duly held in said district on the 11th day of August, 1925, and that the qualified voters freeholders residing in said district and voting in such election, cast 230 votes in favor of the issuance of the bonds and 29 votes against the issuance of the bonds. That pursuant to such election the board of bond trustees of Atlantic-Gulf Special Road and Bridge District of the State of Florida, by resolution duly adopted on the 12th day of August, 1925, authorized the issuance of One Million ($1,000,000.00) Dollars of the bonds of said district. That after providing for the issuance of bonds as stated in the sum of One Million ($1,000,000.00) Dollars, the board of bond trustees of said district filed a petition in the circuit court in and for Indian River county, the same being one of the counties in which the lands in said district are located, praying for the validation of such bonds and that on the 9th day of October, 1925, a decree was duly entered by the Court validating and *confirming* the issuance of said bonds, which decree was duly recorded in the office of the clerk of the circuit court of Indian River County, Florida, in Chancery Order Book No. 1, p. 112. That *thereafter* the board of bond trustees *sold* and *delivered* $500,000.00 of such bonds of said district and later sold and delivered an additional $250,000.00 of bonds of such district, making a total of $750,000.00 of the bonds of such district which have become outstanding. That said bonds mature over a period of years beginning September 1, 1930, to and including September 1, 1954, in certain definite installments of principal and that the interest thereon is payable semi-annually on the 1st day of March and 1st day of September of each year until all such bonds are paid.

It is further alleged that the Legislature of the State of Florida in extraordinary session held in the year 1925, by

its Legislative Act, ratified, validated and confirmed the proceedings of the board of bond trustees of the Atlantic-Gulf Special Road and Bridge District of the State of Florida in issuing and selling bonds of the said district to the extent of One Million ($1,000,000.00) Dollars, which Act became Chap. 11401, Laws of the State of Florida. That the Legislature of the State of Florida at its regular session in 1927 passed another Act legalizing, validating and confirming the proceedings of the board of bond trustees of Atlantic-Gulf Special Road and Bridge District of the State of Florida in issuing bonds of the said district in the amount of One Million ($1,000,000.00) Dollars, which Act became Chap. 12885, Laws of Florida.

Alternative writ of mandamus was issued and the respondents have filed an answer in which the validity of Chap. 11127 is attacked, upon the ground that such Act is in conflict with Sec. 3, Article 9, of the constitution of the State of Florida, and Sec. 20, Article 3, of the constitution of the State of Florida, and it. is contended that because Chap. 11127 was in conflict with provisions of the organic law that Chap. 11401 and Chap. 12885 are void and of no effect.

Had the validating Acts, Chap. 11401 and Chap. 12885 not been passed by the Legislature, then the opinion in the case of Stewart v. Daytona and New Smyrna Inlet District, filed November 7, 1927, reported 114 So. R. 545, might have been relied upon as an authority to defeat the levy of the tax here sought to be accomplished, but these validating Acts were passed by the Legislature and authority to levy taxes conferred by Chap. 11401 and by Chap. 12885 is limited to payment of principal and interest on the One Million Dollars of bonds authorized by the election heretofore referred to held on the 11th day of August, 1925, within said district and the levy of the tax, assessment of which is here sought to be required, is for the purpose of

producing funds with which to pay interest and create a sinking fund for the payment of the bonds referred to in Chap. 11401 and in Chap. 12885, Laws of Florida, and, therefore, the opinion in the case of Stewart v. Daytona and New Smyrna Inlet District, *supra*, is not applicable. See State ex rel, v. Fort Pierce Inlet District, 94 Fla. 1157; 115 So. R. 547; Hipson v. Taylor, filed June 27, 1928.

If the authority to levy the tax here sought to be required was to be found only in Chap. 11127, *supra*, it would be necessary for us to hold that the levy finds no support in valid legislation, but that is not the case which confronts us. Chap. 11127 was a valid enactment insofar as it purported to create the Atlantic-Gulf Special Road & Bridge District of the State of Florida, but when the Legislature assumed to grant power to that district to incur indebtedness and to levy taxes to produce money with which to pay such indebtedness without limit being placed by the Legislature on the amount of the indebtedness which could be incurred and without limit upon the amount of the tax which could be levied, it constitued an unlawful attempt to delegate to the district legislative power. The authority to levy the tax, however, is not dependent upon the provisions of Chap. 11127, *supra*, but the authority therefor is found in Chap. 11401, *supra*, and in Chap. 12885, *supra*. These latter legislative Acts which validate and authorize a specific bond issue by the district in a sum limited to One Milion Dollars and authorize and validate all resolutions and actions of the bond trustees made and had in connection with such bond issue in the sum of One Million Dollars. The Legislature thereby authorized the district to levy bonds in the sum of One Million Dollars, which was a lawful delegation of legislative power and the power and authority to issue the bonds of the district in the sum of One Million Dollars necessarily carries with it the power

and authority to levy the tax within the district sufficient to create the necessary sinking fund and to pay the interest on the bond issue. State v. Fort Pierce Inlet District, 94 Fla. 1157; 115 So. R. 547.

Under the statutes applicable to this case a mandatory duty rests on the Board of County Commissioners, the Tax Assessor and the Tax Collector of Osceola County to proceed with the levy, assessment and collection of the tax as required by the resolution adopted by the Board of Bond Trustees of Atlantic-Gulf Road and Bridge District of the State of Florida, a certified copy of which resolutions has been presented by such Board of Bond Trustees to such Board of County Commissioners. The Board of County Commissioners is not invested with authority to exercise its discretion as to whether or not such levy is either expedient or necessary. This responsibility has been placed on the Board of Bond Trustees and the action in this regard by the bond trustees is not subject to review or control by the Board of County Commissioners.

The peremptory writ should issue and it is so ordered.

WHITFIELD, TERRELL, STRUM AND BROWN, J. J., concur.