STATE OF FLORIDA, ex rel. ATLANTIC-GULF SPECIAL ROAD & BRIDGE DISTRICT, *Relator*, vs. ALBERT O. HELSETH, Chairman, and ELI C. WALKER, J. J. P. HAMILTON, J. D. YONGUE and J. W. LABRUCE, as County Commissioners of Indian River County, Florida, and MILES WARREN, Clerk of the Board of County Commissioners of Indian River County, W. R. DUNCAN, Tax Assessor and G. R. OLMSTEAD, Tax Collector, of Indian River County, *Respondents*.

138 So. 477.

En Banc.

Opinion filed December 11, 1931.

*Vocelle & Mitchell,* of Vero Beach, for Relator;

*C. P. Diamond,* of Vero Beach, and *Alto Adams,* of Fort Pierce, for Respondents.

DAVIS, J.—A special taxing District known as Atlantic-Gulf Special Road and Bridge District was created by Chapter 11127, Laws of Florida, Acts of 1925, Regular Session.

Under this Act certain specifically described territory comprising portions of what is now Indian River and Osceola Counties was created into said district. Thereafter, at an election duly held therein, One Million dollars in bonds was authorized by a vote of a majority of the free-holders, the proceeds to be used for the construction of a road designated and described in the Act. The bonds were issued and their issuance duly validated by decree of the Circuit Court of Indian River County, and also by two legislative Acts,—Chapters 11401, Acts of 1925 Extraordinary session and 12885, Acts of 1927 Regular session. Of these bonds $880,000.00, so the Alternative Writ in this case alleges, remain unpaid.

The affairs of this special taxing district are governed by a Board of Bond Trustees. Under Section 19 of the Act creating the district (Chapter 11127) it is made the duty of this administrative Board to annually levy upon all the real and personal property of the District, a tax sufficient to pay the interest and to provide and maintain a sinking fund for the payment of principal and interest of the bonds.

Said Board, on June 3rd, 1931, purporting to act under the statutes above referred to, passed a resolution by unanimous vote of the Trustees, providing for the levy of a tax for the year 1931 in the amount of twenty mills on the dollar. A copy of this resolution was duly certified in accordance with Section 20 of Chapter 11127, supra, and

presented to the Board of County Commissioners of Indian River County and to the Comptroller. Three members, constituting a majority of the Board of County Commissioners of Indian River County, refused to make the levy provided for in the resolution adopted by the Bond Trustees, and in lieu thereof ordered that the levy to be made should be only fifteen mills. Two members of the Board of County Commissioners expressed their willingness to make the twenty mill levy.

In this situation, the Board of Bond Trustees of the District applied to this Court for an Alternative Writ of mandamus to compel the Board of County Commissioners to make the twenty mill levy specified in its resolution, and the question raised by a motion to quash the alternative writ and by a demurrer on identical grounds, considered in connection with relator's motion for a peremptory writ is whether or not the peremptory writ shall issue, or the alternative writ be quashed.

The alternative writ alleges the adoption of the resolution fixing twenty mills as the 1931 tax levy, and its proper certification to the Board of County Commissioners; that there is due and outstanding a bonded indebtedness of the district of $880,000.00; that interest is payable on said bonds in March and September of each year; that it is "absolutely necessary for the purpose of paying interest and providing a sinking fund for the payment of interest and principal of the bonded indebtedness outstanding" that the tax levy of twenty mills so made for the year 1931 shall stand, and be assessed and collected or "the said District will default in its bonded indebtedness and cannot pay off and discharge the same"; that the Board of County Commissioners of Indian River County, controlled by a majority of its members, refuses to make any levy in excess of fifteen mills altho it is without authority or discretion under the law to revise and reduce the amount of levy ordered by the Bond Trustees, and that

said Board of County Commissioners is in duty bound under the law to recognize and follow as authoritative, the action taken by the Bond Trustees in the premises. All these allegations are admitted to be true by the respondents' demurrer and motion to quash. No facts by way of justification or excuse are set up in a return, nor is issue joined on any allegation made in the alternative writ.

In their motion for a peremptory writ to compel obedience to the twenty mill tax levy resolution, the relators contend that the respondent members of the Board of County Commissioners are without discretion in ordering the 1931 tax levy for the Atlantic-Gulf Special Road & Bridge District, and have been conferred with no power, legislative or otherwise, to revise or reduce the levy which has been determined as necessary by the Board of Bond Trustees,— that the resolution having been duly adopted and certified, the mandatory duty of the respondents is to comply with the terms of the statute and make the levy requested.

The respondents on the other hand take the position that the relators had no right to pass the resolution on June 3rd, 1931, the date it was adopted, because at that time the county tax assessment roll had not been completed and the Trustees were necessarily without reliable knowledge, prior to the completion of the assessment roll, on which to base a determination of what millage should be levied for 1931.

By analogy, the powers of the Bond Trustees are compared with the powers of the Board of County Commissioners. The Board of County Commissioners, it is argued, cannot make a valid tax levy until after the equalization of the tax roll has been accomplished, which is usually some time after the first Monday in July under the general tax laws. Therefore it is insisted that until the county tax valuations have been at least approximately determined, it is impossible for public officials charged with the ad-

ministration of the taxing power, to ascertain and determine the millage required to produce revenue sufficient for the purpose of the levy, so the levy itself cannot be made in advance of the ascertainment of the valuation, or in other words, in advance of the approval of the assessment.

But matters of this kind are controlled by the terms and implications of the statutes providing for the tax levy in question. In the case of the Atlantic-Gulf Special Road & Bridge District the statute makes no such specific condition precedent to the adoption of a resolution fixing the levy to be made for the interest and sinking fund of the District. We are unable to read into the statute any implied condition to that effect.

Under the laws of Florida, the tax books close for listing of properties and making of tax returns, on April 1st of each year. While it may not be so in actual practice, theoretically, the approximate amount of taxable valuations can be learned at any time after April 1st of any year, altho the final approval of these valuations is not provided to be given until a later date. The statute here merely provides that the tax levy made by the Board shall be by resolution and that such resolution shall be adopted and certified on or before the 1st day of August of each year. Such statute is admitted to have been complied with in this case in that it was adopted and certified prior to August 1st, 1931. There is nothing in the record here to show that on June 3rd, 1931, the date the resolution was adopted, that the Bond Trustees did not have at their command adequate information on which to make the estimate of potential revenue which must have been made preliminary to the adoption of the levy, and whatever presumption we indulge in about the matter, must be in favor of the propriety of the procedure rather than against it. Furthermore, the Board of County Commissioners is not constituted a tribunal for the review and correction of any

error leading up to the adoption of the resolution, it appearing on its face to have been adopted within the scope of the authority delegated by law to the Board of Bond Trustees.

It is also insisted that there is no showing by recital or otherwise in the resolution that a twenty mill levy is necessary for the purposes of meeting the interest and sinking fund. We are cited to no authority which holds a *recital* of this kind in such resolution to be necessary, the necessary presumption being that since the *duty* and the *power* of the Board of Bond Trustees is limited to such levy only as is *necessary* for the purpose of carrying out the law and the duties it imposes on the board, that the adoption of the resolution carries with it a presumption in its favor to the effect that the amount levied is necessary under the statute, especially in the absence of any direct attack being made on it by an interested party adversely affected by an excessive levy.

The alternative writ directly and in terms alleges that a twenty mill levy was and is *necessary* and avers the truth to be that unless such levy is made, the district will default on its obligations. All these allegations are admitted to be true by the demurrer and motion to quash, so the omission from the resolution of the recital just mentioned, is amply cured by the allegations of the alternative writ showing that at the time the resolution was adopted, that such levy was in fact necessary.

The power of the Board of County Commissioners to refuse to make a proper levy as ordered by the Board of Bond Trustees of Atlantic-Gulf Special Road and Bridge District has already been settled in favor of relators by the previous decision of this Court in State ex rel. Atlantic-Gulf Special Road & Bridge District vs. Bass, et al., constituting Board of County Commissioners of Osceola County, 96 Fla. 478, 118 Sou. Rep. 212.

In that case, in an opinion delivered by MR. JUSTICE BUFORD, this Court held:

"The Board of County Commissioners is not invested with authority to exercise its discretion as to whether or not such levy is either expedient or necessary. This responsibility has been placed on the Board of Bond Trustees and the action in this regard by the bond trustees is not subject to review or control by the Board of County Commissioners."

In Tomassello vs. County Commissioners of Santa Rosa County, 55 Fla. 341, 45 Sou. Rep. 886, the same rule was applied and it was there held that the statutory powers of a Board of County Commissioners with reference to making tax levies generally did not authorize the Board of County Commissioners of a County to revise the decision of the Board of Public Instruction as to the millage required for the maintenance of the necessary county schools, the millage provided for by the Board of Public Instruction being within that Board's constitutional and statutory powers.

It sufficiently appears from the allegations of the alternative writ which are admitted to be true that the powers of the Board of Bond Trustees to make a twenty mill levy for the year 1931 have been duly exercised in accordance with the controlling provisions of law, and that it is the mandatory duty of the Board of County Commissioners of Indian River County to put such resolution into effect, which duty remains wholly unperformed.

The motion to quash and the demurrer of respondents to the alternative writ are overruled. The motion for a peremptory writ of mandamus is granted.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.