[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 948 
This is an original proceeding in which an alternative writ of mandamus was issued to the respondents as the Board of County Commissioners and taxing officials of Indian River County, Florida, to coerce the levy of a special statutory district tax under Chapter 11128, Laws of Florida, 1925 Extra Session, as amended by Chapter 14381, Laws of Florida, Acts of 1929.
It is shown that the Board of Commissioners of Indian River Mosquito Control District, pursuant to the provisions of the statutes referred to, has levied a six mill tax for the purposes of the District during the tax year 1931. This levy was duly certified to the Board of County Commissioners as required by law, but that Board refused to carry the levy resolution into effect. The alternative writ is demurred to and respondents have also moved to quash it on the ground that the Board of Commissioners of Indian *Page 949 
River Mosquito Control District were without authority to adopt a tax resolution until after the making up and approval of the tax assessment roll for the current year, and that the tax in question is not authorized nor required by law.
The relators in turn moved for a peremptory writ on the ground that the duty sought to be required of the County Commissioners is mandatory and non discretionary, and that such officials have no other alternative than to comply with the statutes and place the levy on the tax rolls.
Indian River Mosquito Control District is a special Taxing District which was created in 1925 (see Chapter 11128, supra). Its declared purpose is to do any and all things necessary for the control and complete elimination of all species of mosquitoes in said district, which purpose was found and declared in the creating Act to be "for public purposes and to be necessary for the maintenance of the health of the inhabitants of the territory embraced in said district and for the convenience, comfort and welfare of the said district and the inhabitants thereof."
Administration of the affairs of the district is confided to a governing body known as the Board of Commissioners thereof. This Board is the relator here.
By the terms of the Act, said Board is given full power to handle the affairs of the district and to levy a tax each year for the purposes of the district not later than July 15th, which levy shall be made by resolution to be adopted and certified to the Board of County Commissioners and to the Comptroller not later than August 1st each year. The statute makes it the duty of the Board of County Commissioners and other taxing officials to carry out the levy provided for in this resolution after it is adopted. The limit of the tax is fixed at ten mills. The power of the district to issue bonds was before this Court in Merriman vs. Hutchinson, 95 Fla. 600,116 Sou. Rep. 271, and the bonding *Page 950 
provisions of the act held to be unconstitutional because no limit was provided as to the amount of tax that might be levied for any such bonds. After this, in 1929, the Act was amended so as to definitely limit the amount of the tax that might be at any time levied to a levy of not exceeding ten mills. See Chapter 14381, supra.
The terms of the statute vest no power or discretion in the Board of County Commissioners to revise or reduce a levy which has been properly authorized by the Board of Commissioners of the District, so the duty of the County Commissioners to levy the tax ordered is mandatory, unless some other lawful excuse for refusal to do so exists. See State ex rel. Atlantic-Gulf Special Road and Bridge District vs. Board County Commissioners Osceola County, 96 Fla. 478, 118 Sou. Rep. 213; State ex rel. Atlantic-Gulf Special Road Bridge District vs. Board of County Commissioners of Indian River County, decided at the present term, (not yet reported); Tomassello vs. County Commissioners Santa Rosa County, 55 Fla. 341, 45 Sou. Rep. 886.
The fact that the levy was ordered in May, 1931, before the general county tax assessment roll was examined, approved and equalized and the total valuations of the county finally approved and fixed, does not constitute a lawful excuse for the respondents here to refuse to make the required levy. See State ex rel. Atlantic-Gulf Special Road Bridge District vs. Board County Commissioners Indian River County, decided at the present term, (not yet reported), supra.
The fact that the bonding provisions of the original 1925 Act have been declared unconstitutional and inoperative, do not defeat the continued existence and functioning of the district in view of the 1929 amendment which recognizes and continues the district without reference to the eliminated bonding provision. See State vs. Fort Pierce Inlet District, 94 Fla. 1157,115 Sou. Rep. 547. This does not over-look what we said in Jinkins vs. Entzminger, *Page 951 102 Fla. 167, 135 Sou. Rep. 785, to the effect that where a special taxing district could only accomplish its purpose by the issuance of bonds, the district failed and became functusofficio when the issuance of bonds became impossible under the law.
In the case just cited, the purpose of the district was the accomplishment of a construction project, without which there would be no necessity for the functioning of the district, beyond settling up the preliminary expenses incurred in making surveys and the like to ascertain whether the district could be successfully operated to carry out the legislative purpose to have a canal made to connect two waterways. Here the purpose of the district is to control and eradicate certain pests, and the statute in its 1929 amendment evinces a purpose to bring about this result through the operation of the district as a going and permanent institution, even though no bonds whatsoever should ever be authorized. In this aspect, the case here differs from Jinkins vs. Entzminger, supra, and the rule of that case is not applicable to this one.
The Machinery of the Indian River Mosquito Control District is set up and designed to function fully and completely in carrying out the purposes of the district without reference to the issuance of bonds. The special tax levy is, by the direct language of the resolution providing for it, to be used "solely in carrying out the purposes of the Act" creating the district.
The purpose of eradicating mosquitoes and thereby promoting the health, happiness and welfare of the inhabitants of the district is a public purpose for which a district of this kind, with an appropriate tax levy, is authorized by the Constitution. Hunter vs. Owen, 80 Fla. 812, 86 Sou. Rep. 839; Milheim vs. Moffatt Tunnel Improvement District, 72 Colo. 268,211 P. 649, 262 U.S. 710; 43 Sup. Ct. Rep. 694;67 L.Ed. 1194; Houck vs. Little River Drainage District, 240 U.S. 254;60 L.Ed. 266; *Page 952 36 Sup. Ct. Rep. 58; Whitaker vs. Parsons, 80 Fla. 352,86 Sou. Rep. 247.
In creating such districts and providing for their administration, the legislature has plenary power to crystallize policies, opinions, ideas and sentiments into statute law, limited only by constitutional prohibitions, and courts cannot substitute their judgment or will for the judgment of the legislature, nor can the Courts interfere with the legislative discretion, however erroneous it may be. There is no constitutional inhibition against the legislature which prohibits it from making the boundaries of a special taxing district co-extensive with the boundaries of a county, nor which prevents the creation of special taxing districts which over-lap each other. See Charlotte Harbor Northern Railway Co. vs. Welles, et al., 78 Fla. 227, 82 Sou. Rep. 770. Affirmed in 260 U.S. 8; 67 L.Ed. 100; 43 Sup. Ct. Rep. 3.
Where the creation of a special taxing district for a public purpose is authorized by an appropriate statute duly enacted, there is nothing in the Constitution which prohibits the legislature from lodging powers in the officials of the district which might appropriately be lodged in the Board of County Commissioners of the County, nor is there anything in the constitution which prohibits the legislature from so enacting a statute creating a special taxing district as to take away from the Board of County Commissioners either the whole or a part of their ordinary powers of supervision and control over functions exercised by the state as a part of the police power. See State vs. Fearnside, 87 Fla. 349;100 Sou. Rep. 256.
Thus the work of providing for, supervising, controlling and levying taxes for the dipping of cattle to eradicate the cattle tick in this state was originally delegated to and carried out by the several Boards of County Commissioners. See Chapter 7345, Acts of 1917. Bailey vs. Van Pelt, 78 Fla. 337,82 Sou. Rep. 789. These functions, however, *Page 953 
are now exercised by a state Board and special zones of operation, with special provisions applying peculiarly within those zones, similar to the special mosquito control district here, have superseded the functions formerly exercised by the County Commissioners The latter act has been held to be constitutional in McSween vs State Livestock Sanitary Board,122 Sou. Rep. 239, 97 Fla. 750. See Chapter 9201, Acts of 1923. Transfer of powers to deal with the eradication of pests from the Boards of County Commissioners to other boards and state agencies has never been held in this state to be beyond the constitutional powers of the legislature
Whatever may be the rights of individual taxpayers to attack the special levy of taxes involved in this case, on the ground of no benefits, or unjustifiable incidence of the tax on properties in the district not in proportion of the benefits received by such properties, it is plain that the respondents cannot raise such questions in their capacity as county officials charged with the performance of purely ministerial functions in carrying out the provisions of a statute requiring them to place on the tax rolls a tax fixed and authorized by the power exercised by an independent agency set up and vested with authority for that purpose. See Gast Realty Co. vs. Schneider Granite Co., 240 U.S. 54, 60 L.Ed. 523. Shepard vs. Baron, 194 U.S. 567, 48 L.Ed. 1115; State ex rel. Buford vs. State Board of Tax Equalizers, 84 Fla. 592, 94 Sou. Rep. 681; Franklin County vs. State, 24 Fla. 55, 3 Sou. Rep. 471.
The Indian River Mosquito Control District Act not being void or unconstitutional on its face, whatever objection may be raised in that connection must result from its application to particular situations involving special states of fact. Unless these special facts are alleged and proved and relief asked for by some litigant entitled to relief by reason of his showing of an interest in obtaining it, the administrative officials charged with the execution of the law *Page 954 
as written by the Legislature have no alternative but to regard it as a valid act so long as it stands unimpaired by judicial pronouncement, and so regarding it, to perform the mandatory non discretionary duties imposed on them by such statute.
It follows that the demurrer and motion to quash must be over-ruled and the motion for a peremptory writ be granted.
It is so ordered.
WHITFIELD, P.J., AND TERRELL, J., Concur.
BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.