STATE, *ex rel.* Maynard H. Evans, Frances L. Blankner and J. R. Holbrook, as Trustees of Special Tax School District No. 1 of Orange County, Florida, v. GEO. A. BARKER, SR., as Chairman, Board of Public Instruction, Orange County.

163 So. 695.

Opinion Filed November 1, 1935.

*G. B. Fishback,* for Relators;

*Geo. A. Barker, Sr., in pro per.,* for Respondent.

DAVIS, J.—Section 726 C. G. L., 585 R. G. S., is as follows: "If the result of the said election shall be adverse to the issuance of said bonds, no election shall be held for such purpose within one year thereafter. Except, however, in the event such election shall result or shall have resulted in an equal number of votes being cast for the issuance of said bonds as shall be cast adverse to issuance of said bonds; the board of public instruction are empowered and authorized to call and order another or second election within said district to have determined the question of whether the bonds specified in the original petition and resolution shall be issued by said district, after giving notice as provided for by Section 723; and it shall not be necessary to have presented to said board further petitions to order said second election. (Ch. 6542, Acts 1913, Sec. 7: Ch. 12015, Acts 1927, Sec. 1.)"

In August, 1935, a Special Tax School District bond election was held in Special Tax School District No. 1 of Orange County to determine whether or not $46,500.00 in bonds should be authorized by the district for the purpose of acquiring, building, enlarging, furnishing and otherwise improving the school buildings and school grounds within the district. At said election (to which amended Section 6 of Article IX of the Constitution was applicable as well as Section 17 of Article XII) a majority of the freeholders who were qualified electors residing in the district, did not participate, so the election was abortive of result.

The question now presented to this Court in mandamus proceedings is whether or not Section 726 C. G. L., *supra,* prohibits the calling and holding of another bond election in the district within one year after the former election, which, as has been said, was constitutionally ineffective for

the purpose for which it was held, for the reasons hereinbefore pointed out.

Our conclusion is that the statute only prohibits a second election within one year if the first election is *adverse*. An "adverse" election comprehends something more than an abortive or ineffectual election. The word "adverse" has been employed by the Legislature to express its intent and such word must be given its usual and ordinary meaning which is, "Acting in opposition to, *actively* hostile." See: Shorter Oxford English Dictionary, page 28; New Merriam-Webster International Dictionary, page 38. It follows, therefore, that an election from which no *actively* hostile result can be ascertained is not an "adverse" election within the meaning and intent of Section 726 C. G. L., *supra*, but is merely an inchoate or abortive election the result of which is a legal *brutum fulmen*.

The preparatory writ of mandamus in this case is accordingly awarded.

WHITFIELD, C. J., and TERRELL, BROWN, and BUFORD, J. J., concur.