R. H. DIXON v. CITY OF MIAMI.

170 So. 845.

Opinion Filed November 21, 1936.

*Charles L. Knowles,* for Appellant;

*J. W. Watson, Jr.,* City Attorney, and *Mitchell D. Price,* and *Charles W. Zaring,* for Appellees.

DAVIS, J.—A special freeholders' election was called and held in the City of Miami pursuant to Sections 457 (1), *et seq.,* C. G. L. (Permanent Supplement) Chapter 14715, Acts 1931. The election was abortive in that a majority of the freeholders who were qualified electors residing in the municipality did not participate in said election, so as to

make it effective as an expression of the public will under amended Section 6 of Article IX of the Constitution, although a majority of the votes cast was in favor of the proposition voted upon.

The question presented by this injunction suit instituted by appellant in the Circuit Court of Dade County, and resulting in a decree for appellee in favor of permitting a second election to be called and held December 4, 1936, notwithstanding six months has not elapsed since October 7, 1936, the date of the holding of the abortive election, is whether or not the six months limitation specified in Section 457 (13) C. G. L. (Permanent Supplement) (Section 13 of Chapter 14715, Acts of 1931) is applicable where the first election is merely abortive, because of the failure of a sufficient percentage of the qualified freeholder electors to participate therein.

The proposition involved is entirely one of construction of the meaning of the 1931 statute. The statutory provision required to be construed is found in Section 13 of Chapter 14715, Acts of 1931, and is as follows:

"That in the event any election shall be called and held for the purpose of issuance of bonds for a particular purpose and such election shall not result in the approval of said bonds, then another election for the approval of bonds for the same purpose shall be called for at least a period of six months thereafter."

We hold with the Circuit Court on the authority of State, *ex rel.* Evans, v. Barker, 121 Fla. 350, 163 Sou. Rep. 695, where a similar statutory provision having a like design, was held not to preclude the holding of the second election when the first election was merely abortive of a final decision in the premises.

Affirmed.

WHITFIELD, C. J., and ELLIS, TERRELL and BROWN, J. J., concur.