DREW, Chief Justice
(concurring specially).
In this case, as in the case of Langley v. Southern Broward Hospital District, Fla. 1951, 53 So.2d 781, the appellants rely principally upon the decision of this Court - in the case of Crowder v. Phillips, 146 Fla. 440, 1 So.2d 629, and the Missouri case of Board of Commissioners of Tuberculosis Hospital District of Buchanan County v. Peter, 253 Mo. 520, 161 S.W. 1155. Langley v. Southern Broward Hospital District, supra, was affirmed by this Court per curiam upon the authority of State v. City of Port St. Joe, Fla.1950, 47 So.2d 584; Dixon v. City of Miami, 126 Fla. 249, 170 So. 845; State ex rel. Board of Commissioners of Indian River Mosquito Control District v. Board of County Commissioners of Indian River County, 103 Fla. 946, 138 So. 625; Hunter v. Owens, 80 Fla. 812, 86 So. 839; Crowder v. Phillips, supra.
Crowder v. Phillips, supra [146 Fla. 440, 1 So.2d 630], concerned a hospital district “coextensive with Leon County.” Chapter 19939, Laws of Florida, Special Acts of 1939. There we held that such a district (a district co-extensive with the boundaries of a county) may not be created and vested with general taxing authority “and' that the general power of taxation can be exercised only by the county.” The rationale of that opinion was that only .the county- was authorized under Section 5 of Article IX of the Florida Constitution to levy a tax for a county purpose. Under Sec. 3 of Article XIII, of the Constitution, counties are authorized to provide for those of the inhabitants thereof who by reason of infirmity or misfortune may have claims -upon the aid and sympathy of society. That such is a county purpose for which the county may lawfully levy a general ad valorem tax is obvious. It was upon this theory that we held that it was beyond the power of the Legislature to authorize the creation of such a hospital district with territory co-extensive with that of a county and vest the authority created by that district with the power to levy a limited tax for such county purpose thereby violating the constitutional provision that such power was vested solely in the Board of County Commissioners.
In Lee v. Atlantic Coast Line Railroad Co., 145 Fla. 618, 200 So. 71, 76, this Court held:
“Section 1, Article IX of the constitution does not limit the taxing power of the legislature to State, county, and municipal taxation.' Taxing districts are now a part of the fiscal taxing system of the State. See Secs. 10, 11, 17, Article XII, and amended Sec. 6 and Sec. 10, Article IX, Florida constitution. Statutory taxing power is as potent as to taxing districts as it is to the State, counties, and municipalities, unless restrained by a paramount law.”
*812 And again in Hunter v. Owens, 80 Fla. 812, 86 So. 839, 843, we said:
“In the exercise of its inherent sovereign powers,, -the state may impose taxes to be used for a governmental purpose, and the only limitations imposed are those contained in the federal and state Constitutions, designed to protect personal and property rights against arbitrary and oppressive exertions- of governmental power. The extent of the taxing unit may be confined to a designated district or subdivision that may be or whose inhabitants may be directly and peculiarly benefited by the application.of the tax money to the pürpose contemplated.”
See also State ex rel. Board of Commissioners of Indian River Mosquito Control District v. Board of County Commissioners of Indian River County, supra; State ex rel. Board of Commissioners, etc. v. Helseth, 104 Fla. 208, 140 So. 655; and State ex rel. Robertson v. Gessner, 153 Fla. 865, 16 So.2d 51.
The Missouri' case, Board of Commissioners of Tuberculosis Hospital District of Buchanan County v. Peter, supra, is hot authority 'for thie’proposition contended for by appellants. It is true as -argued by appellants that the constitutional provisions of the State of Missouri vest the taxing power in the general assembly for state purposes and in the counties and other municipal corporations, under authority granted them by the general assembly of Missouri, for county and other corporate purposes; .,but it is also true that in that case the district created embraced the whole of Buchanan County. The decision of that Court, however, did not rest primarily on the foundation that our decision in Crowder v. Phillips, supra, rested. The Missouri Constitution contained a specific provision limiting the rate of taxation in the various counties of the State of Missouri. So far as Buchanan County was concerned, such rate was limited in the Constitution of Missouri to 350 on the $100 valuation, subject to be increased in certain instances only upon a favorable vote of ^rds of the qualified voters of such county voting at an election for such purpose. The Missouri court [253 Mo. 520, 161 S.W. 1159], in view of this specific limitation in the Constitution, said “The case, then must stand or fall on the proposition that the proposed levy [for such hospital district comprising the territory embraced in the county] is in addition to the 350 allowed by the Constitution for ‘county purposes.’ ” Then, in referring to the hospital act under review, the Court observed “The law maker, then, must be held to have intended his act to permit a levy in addition to the 350 permitted by the Constitution * * It was on that basis that the Supreme Court of Missouri held such act to be unconstitutional. The case is, therefore, not even persuasive in this'instance.
In the matter now under consideration, the -hospital district comprises only a portion of Palm Beach County and the tax authorized is limited by the 'Act. It does not authorize the governing board to levy a general county - tax and,’ therefore, is clearly distinguishable from the holding of this Court in Crowder v. Phillips, supra, relating to Leon County. • '
I, therefore, concur in the foregoing opinion and judgment of affirmance.
TERRELL, • THOMAS, HOBSON, TH.ORNAL and O’CONNELL, JJ., concur. ,.
ROBERTS, J., not participating.