PER CURIAM.
Appellants have filed their petition for the issuance of a constitutional stay writ pursuant to the authority of Rule 4.5(g) (1), Florida Appellate Rules, 31 F.S.A.,[1] or, in the alternative, for a restraining order temporarily enjoining appellees Board of County Commissioners, the Tax Assessor, and Tax Collector, all of Duval County, Florida, from certifying the tax millage for the operating budget of appellant Board of Public Instruction for the year 1966 on any basis other than that certified by appellant and/or levying the tax based on such millage, and/or collecting tax on such millage.
From the petition filed herein, and the accompanying exhibits attached thereto, it appears that there is now pending in the Circuit Court of Duval County a proceeding brought by appellants against the Du-val County Board of County Commissioners, the Budget Commission, the Tax Collector, and the Tax Assessor. From this complaint it appears that appellant County Board prepared and approved a tentative budget for the year 1966 for the operation of the public school system of Duval County, which budget was submitted to appellee Duval County Budget Commission for its consideration and approval as required by the Duval County Budget Act.[2] The Commission reduced the amounts allowed in the budget for anticipated expenses by some $3,000,000. The budget, as revised, was submitted to appellant State Superintendent of Public Instruction pursuant to the applicable provisions of the Florida School Code.[3] The State Superintendent found that the budget as revised by the Budget Commission did not meet the requirements of law and therefore returned the budget to the County Board with the recommendation that it be amended to provide more adequate financial support for the school program of Duval County by restoring to the anticipated expenditures for the ensuing term the sum of approximately $1,500,000. At the request of the school board the Budget Commission reviewed the budget as approved by it in light of the State Superintendent’s report and recommendations, but refused to amend it as recommended. The budget was thereupon certified by the Budget Commission as the operating budget for the County Board for the ensuing year.
By their complaint appellants challenged the lawful right of the Budget Commission to reduce the amounts contained in the budget which are found by the State Superintendent to be necessary in order to maintain an adequate system and program of public school education in Duval County. It is appellants’ position that its tentative operating budget, as amended and approved by the State Superintendent, is binding on the Budget Commission which is without lawful authority to modify or alter in any manner the items of anticipated expenditures set forth therein. Appellants take the secondary position that if the Budget Commission does possess the lawful power to reduce the amount requested by it in its tentative budget as found by the State Superintendent to be necessary, then its act in doing so under the facts and circumstances of this case constitutes an arbitrary abuse of discretion and should be set aside.
Ancillary to the main proceeding appellants petitioned the trial court for issuance *323 of a temporary injunction restraining ap-pellees Board of County Commissioners, the County Tax Assessor, and the County Tax Collector from certifying the tax millage for its operating budget other than on the basis of that certified by appellants and/or from levying or collecting a tax based on such millage. This petition was heard by the chancellor on October 31, 1966, and on November 9, 1966, an order was rendered denying the petition. It is that order of denial which is the subject of the interlocutory appeal now pending in this court out of which the petition we now consider arises.
From the foregoing it is apparent that the merits of the cause of action brought by appellants have not yet been reached nor passed upon by the trial court, and there is nothing relating to the merits of appellants’ contentions presently pending before this court for review. It is equally clear that the interlocutory appeal brought by appellants calls only for a determination of whether the chancellor abused his discretion in denying the temporary restraining order sought by appellants, which determination may be made without reaching or passing upon the merits of the main proceeding. It will not be until after issues have been drawn by proper pleadings and the case tried in the lower court, and the final decree rendered therein either affirmed, modified, or reversed upon appeal to this court, and reviewed by certio-rari in the Supreme Court, will the correctness of appellants’ position be finally determined. From the adamant position taken by appellee Budget Commission with respect to both the wisdom and correctness of its position, it would be unrealistic to assume that it will either voluntarily yield its position to that insisted upon by appellant County Board and the State Superintendent, or give up the fight until the last court available to it has made a determination as to the legality of its actions.
The effect of issuing either of the writs sought by appellants in the petition we now consider will be to stalemate the entire tax machinery of Duval County until this controversy has been finally adjudicated. Such a situation would of necessity postpone the payment of taxes in the county for many months. This court judicially knows and recognizes that the operations of the county government and no less than eight other separate county agencies are entirely dependent on funds derived from county taxation to defray their operating expenses. In the normal course of events tax statements would have been issued and the payment of taxes by property owners in the county commenced on November 1st last passed. The hardship imposed upon the various agencies of county government which would result if the payment of taxes is indefinitely delayed would create the exact chaotic condition in the government of Duval County referred to by the Supreme Court in two decisions recently rendered by it in which it refused to issue a writ of mandamus to state and county taxing officials which would have had the effect of delaying the collection of taxes for the current year in three of the counties of this state.[4] It would be unfair and inequitable to impose such an intolerable condition upon governmental agencies of Duval County who have had no part in nor responsibility for the controversy between the County Board and the County Budget Commission which is sought to be resolved in the suit now pending in that county.
For the foregoing reasons, we decline to grant the prayer of the petition filed by appellants for issuance of the writs sought therein, but this denial shall be without prejudice and shall not be construed, either directly or inferentially, as a ruling either on the merits of the cause of action presently pending in the Circuit Court of Du- *324 val County, or of the interlocutory appeal pending in this court.
The writs prayed for herein are accordingly denied.
WIGGINTON, Acting C. J., and CARROLL, DONALD K., and SACK, JJ., concur.

.“Constitutional Writs.
“(1) After Appeal and Notice. Application for constitutional or other writs necessary to the complete exercise of the jurisdiction of the Court will be entertained only after reasonable notice to the adverse party. No such petition will be entertained unless an appeal has been commenced, and then only when it is made clearly to appear that a supersedeas order entered by the lower court will not completely preserve the Court’s jurisdiction, or that the lower court has erroneously refused to enter such an order.”

. Chap. 61-1628, Laws of 1961.

. F.S. § 237.22, F.S.A.

. State ex rel. William C. Butscher, Jr., v. Fred O. Dickinson, Jr., Case No. 35,724; State ex rel. Barbara J. Williams v. Fred O. Dickinson, Jr., Case. No. 35,689. Opinion filed November 2, 1966.