540 So.2d 884 (1989)
STATE of Florida DEPARTMENT OF BANKING & FINANCE, Appellant,
v.
James B. EVANS, Appellee.
No. 88-2.
District Court of Appeal of Florida, First District.
March 16, 1989.
*885 Charles E. Scarlett, Asst. General Counsel, Office of the Comptroller, for appellant.
Charles T. Collette and Edward W. Dougherty, Jr., of Mang, Rett & Collette, Tallahassee, for appellee.
WENTWORTH, Judge.
Appellant seeks review of a Division of Administrative Hearings order by which it was determined that portions of Rule 3E-600.002, Florida Administrative Code, requiring an application for reaffiliation registration of an associated person engaged in the sale of securities, and authorizing denial of the application, constitute an invalid exercise of delegated legislative authority. Appellant argues that appellee failed to carry his burden of proof to show that the rule constituted an invalid exercise of delegated legislative authority, and that the hearing officer erred in concluding that the rule imposed requirements in addition to those imposed by Chapter 517, and was in conflict with the implementing statutes. We reverse the order, finding that the hearing officer accorded insufficient weight to related provisions of Chapter 517 which, when read in pari materia, support the dealer specific nature of Rule 3E-600.002, Florida Administrative Code, and the self-terminating nature of reaffiliation registrations. Chapter 517 was amended, effective July 1, 1988, to express more clearly the legislative intent that the registration of associated persons is specific to the securities dealer or investment advisor with whom the associated person is identified at the time of registration, but because the amendments effected more than a clarification of the existing statutory language they are not applicable or dispositive of this appeal. However, we construe the original language to encompass an intent that a reaffiliation registration is dealer specific and self-terminating. We therefore reverse.
Appellee Evans, a registered associated person under the Florida Securities and Investor Protection Act, Chapter 517, was employed by Merrico Investments, Inc., until January 1986, when Merrico filed a Form U-5, the Uniform Termination Notice for Securities Industry Registration, with the National Association of Securities Dealers (NASD) to provide notice of the termination of Evans' employment. In February 1986, Nies/Brauer Securities, Inc., filed a Form U-4, the Uniform Application for Securities Industry Registration or Transfer, with the NASD on behalf of Evans to provide notice of Evans' reaffiliation with Nies/Brauer. The Department in August 1986 informed Evans that his application for reaffiliation registration was denied based upon violations of Chapter 517. Evans requested a formal hearing on the denial of his application. He also filed a petition to seek an administrative determination of the validity of Rule 3E-600.002, which requires that applications of associated persons for "initial, reaffiliation and renewal registrations" be filed on Form U-4. The rule imposes a duty upon dealers or investment advisers to file such applications on behalf of associated persons. The authority cited for the rule is section 517.03(1), and the cited statutes being implemented are sections 517.12 and 120.53, Florida Statutes.
The Department's practice and policy, upon receipt of the Form U-4, was to make no distinction between a first time applicant seeking registration as an associated person and an applicant previously registered seeking reaffiliation with a new firm, and to grant or deny both initial applications and applications for reaffiliation in the same manner based upon the criteria set forth in section 517.161, Florida Statutes. The Department utilized the Form U-4 to update the disciplinary history of the associated person, and to obtain disciplinary information during the tenure of the associated person's registration. The Department's interpretation of the statutory scheme in Chapter 517 was that once a dealer terminates the employment of an associated person, the associated person is "terminated" on departmental records, and must file a new application and again be registered in order to engage in the sale of securities.
Evans contended that those portions of Rule 3E-600.002 pertaining to applications for reaffiliation registration exceed the Department's *886 statutory authority to administer and enforce Chapter 517. In his petition, Evans argued that the Department had no authority to require a new application for each reaffiliation and had no authority to terminate an existing registration except by appropriate revocation proceedings. The Department countered that the section 517.021(4) definition of an "associated person," as an individual employed by a dealer or investment adviser, mandates that a new application be filed and acted upon each time an associated person seeks reemployment with a new broker/dealer.
Following a hearing, the hearing officer entered a final order determining that certain provisions of Rule 3E-600.002, requiring a new application for a registered associated person each time that person changes employment, add additional requirements for reaffiliation which are not specified by statute and which conflict with express statutory language. Specifically, the hearing officer found that section 517.12(6) and section 517.12(10) require applications for "initial registration" and a "fee for reaffiliation of a registered associated person." The hearing officer reasoned that if, as argued by the Department, a new application must be filed each time an associated person changes employment, the requirement of a $20 fee for "reaffiliation of a registered associated person" would be redundant and/or meaningless. The order concluded that:
The Department's concerns regarding the gathering of updated information are laudable, and the denial of reaffiliation applications may be an expedient method of disciplining errant registrants. However, the challenged rule lacks statutory authority, abrogates the statutory provisions within Chapter 517 discussed above and indeed, is conflictive with the due process rights of a registrant to retain his license until appropriate revocation proceedings are brought to a close.
The legislature provided various means within Chapter 517 to enable the respondent to keep abreast of the activities of associated persons. For example, section 517.12(12) requires dealers to promptly notify the Department when associated persons have terminated their employment and furnish the reason for such termination. The U-5 form adopted by the Department for this purpose also requires the dealer to list any investigations, proceedings or complaints against the former employee as well as any known violations of law... . In addition, section 517.12(13) requires that any changes in the registration or changes of any material fact or method of doing business be reported by `written amendment.' The Department also is given statutory authority to obtain updated information during the renewal process and to stagger renewal dates to reduce the work load which would be occasioned by one single renewal date.
Likewise, the Department has the authority to discipline existing registrants for the grounds set forth in section 517.161(1) at any time by utilizing the procedures set forth in the Administrative Procedures Act. It simply may not, under the current statutory scheme, terminate the existing registration of an associated person by denying `an application for reaffiliation' when no such application is required by statute. Just as the refusal to renew a license to a person who has once demonstrated that he possesses the statutory prerequisites to licensure cannot be used as a substitute for a license revocation proceeding, neither can a rule requiring an additional license (or registration) provide the mechanism for doing so when the enabling statute does not require a new license (registration).
Effective July 1, 1988, section 517.12(6) was amended to delete the word "initial" from language pertaining to applications for reaffiliation, and section 517.12(10) was amended to delete reference to a fee for reaffiliation of a "registered associated person." Section 517.12(11), section 3, was added to clarify Department procedures as follows:
It is declared to be the intent of the legislature that the registration of associated persons required by law is specific to the securities dealer or investment advisor identified at the time such registration is approved. Notwithstanding *887 any interpretation of law to the contrary, the historic practice of the Department of Banking and Finance, reflected in its rules, that requires a new application for registration from a previously registered associated person when that person seeks to be associated with a new securities dealer or investment advisor is hereby ratified and approved as consistent with legislative intent.
Chapter 88-187, Laws of Florida.
Although we recognize that Chapter 88-187, Laws of Florida, would be ineffective to ratify rules in actual conflict with the original language of Chapter 517, the amendments may be considered in interpretation of the former language.[1] In light of the amendatory language, we find that the stricken terms "initial" in section 517.12(6) and "reaffiliation of a registered associated person" in section 517.12(10) may reasonably be regarded as superfluous within the total statutory scheme set forth in Chapter 517. Even without reference to the amendments, we construe the provisions of Chapter 517, when considered in pari materia, as indicative of an intent that reaffiliation registrations of associated persons are dealer specific and self-terminating. The Rule 3E-600.002(3)(a), Florida Administrative Code, provision for temporary transfers during the pendency of an application for reaffiliation registration supports this view.
The parties have not presented a direct or substantial constitutional due process challenge of the limitations on the issuance of reaffiliation registrations, and we need not reach such issues because of our construction, supra, of the provisions under which appellee was originally registered.
The order is therefore reversed.
ERVIN and ZEHMER, JJ., concur.
NOTES
[1] "When ... an amendment to a statute is enacted soon after controversies as to the interpretation of the original act arise, a court may consider that amendment as a legislative interpretation of the original law and not as a substantive change thereof." Lowry v. Parole & Probation Commission, 473 So.2d 1248, 1250 (Fla. 1985).