GRIFFIN, Judge.
The appellant in this case is the North Brevard County Hospital District (the “Hospital District”), which was created by a special act of the state legislature in 1953 as a special tax district. Appellees are Brevard County (the “County”) and its Board of County Commissioners (the “Commission”). Because of an apparent discrepancy between the special act creating the *1111 Hospital District and a subsequently enacted general law, a dispute arose between appellant and appellees in 1988 concerning the right of the County to levy an ad valo-rem tax at a lower millage rate than the one certified to the Commission by the Hospital District to be the revenue required to maintain and operate its hospital for the 1989 fiscal year.
The special act originally creating the Hospital District, Chapter 28924, Laws of Florida (1953), provided in section 6 that the Hospital District would annually certify the millage of ad valorem tax necessary to operate the hospital but that the Commission could disregard the recommendation and levy “whatever millage they shall in their discretion deem reasonable and neces-sary_” The 1953 special act was substantially amended in 1963.[1] The revision retained the portions of section 6 of Chapter 28924 that called for the Hospital District to certify the millage to the Commission and required the Commission to levy the necessary millage, but deleted the language empowering the Commission to disregard the Hospital District’s millage recommendation.
Chapter 200, Florida Statutes, is entitled “Determination of Millage”. Section 200.-001, Florida Statutes (1987), provided in subsection (4) that “[independent special millage shall be that millage rate set by the governing body of an independent special district_” Subsection (7) of section 200.-001, Florida Statutes (1987), further specified that millages shall be fixed only by ordinance or resolution of the governing body of the taxing authority in the manner provided by general law or special act. The required Chapter 200 procedures, including the public hearing for determining millage under section 200.065, Florida Statutes, were carried out by the Hospital District.
The conflict between the Hospital District and the Commission arose out of a provision of the “Uniform Local Government Financial Management and Reporting Act”, section 218.34, Florida Statutes, entitled “Special districts; financial matters”. Enacted in 1973, subparagraph (4) of that section provides: “The local governing authority may, in its discretion, review and approve the budget or tax levy of any special district located solely within its boundaries.” The Commission contended that its discretion to “review and approve” the budget or tax levy also implied the power to review and disapprove the budget or tax levy and, if the Commission disapproved the budget or tax levy, to adjust the budget or tax levy to a millage rate acceptable to the Commission. In the present case, the Hospital District certified the millage rate of .761 as being the amount required to meet its needs; the Commission rejected that rate and levied .747. The Hospital District contends that this action by the Commission was illegal and the “review and approve” language in section 218.34, Florida Statutes, could not modify the authority conferred by the special act under which it operated unless there was an express modification or repeal of the special act provision or unless the two provisions were in a state of positive repugnancy. Hallandale v. Broward County Kennel Club, 152 Fla. 266, 10 So.2d 810 (Fla.1942); Sanders v. Howell, 73 Fla. 563, 74 So. 802 (Fla.1917).
On November 2, 1988, the Hospital District filed a three count complaint against the County, seeking: (1) a declaration that the County had exceeded its authority by unilaterally reducing the millage rate certified to it by the Hospital District; (2) damages for uncollected tax revenues resulting from the reduction; and (3) an injunction preventing the County from reducing the millage rate in the future and reestablishing the “rolled-back rate”[2] based on the Hospital District’s certified millage rate for fiscal year 1989.
*1112 In considering the County’s motion for summary judgment, the trial court acknowledged that it was appropriate to preserve to each law its own sphere of operation, if possible. Concluding the Commission’s right to approve the budget as contained in section 218.84, Florida Statutes, implied the right to evaluate in good faith the reasonableness of the Hospital District’s budgetary process and to adjust the millage if the budget were faulty, the trial court entered summary final judgment in favor of the Commission.[3] We disagree with the trial court’s conclusion.
Florida has long recognized the power of the legislature to create special tax districts whose powers by special act take away from the county commission their ordinary powers of supervision and control, including their right to adjust a special district’s proposed tax levy.[4] There is simply no danger, as the dissent implies, that our holding strays into the realm of taxation without representation, at least not in any constitutional sense. The absence of any express statutory authority to disapprove, reject, or amend either the budget or tax levy, and the lack of any criteria whatsoever for such action, suggest that the broad power the trial court found in section 218.34 to reject the budget or tax levy where there were “articulable reasons” to do so is beyond the intent of the statute.[5] The Commission has given us no reason to assume section 218.34(4) was intended to mean more than it says: i.e., that a commission may review and approve a district’s budget or tax levy, if it chooses. The fact that the “approval” language has since been removed from this statute further suggests that what the legislature intended to achieve was to create a duty on the part of the district to report to local government, not to confer on local government the power to approve the budget, much less the power to disapprove a district’s budget or reduce the levy. Sections 189.402(2), 189.402(6), Fla.Stat. (1989); Section 218.34(4), Fla.Stat. (1989).[6] Cf. State Dep’t of Banking & Finance v. Evans, 540 So.2d 884 (Fla. 1st DCA 1989).
*1113 Appellees contend that, even if the trial court erred, the issue is moot because tax assessment and expenditures for fiscal 1989 have already been made and the Hospital District’s certified millage for the ensuing fiscal year has been approved by the Commission for assessment. Appellees also base their mootness argument on the deletion of the statutory language authorizing the local governing authority to approve the budget or tax levy of local special districts. Finally, appellees contend that there is no authority to require them to pay damages to the Hospital District for a tax not levied in prior years or revision of the rolled-back rate. We agree that resolution of the present case is of limited value in light of the 1989 statutory amendment but, because of the tension between section 218.34(4), Florida Statutes and the special act creating the Hospital District, appellant is entitled to a declaration that, under the statutory scheme, the Commission was obliged to levy a lawful millage rate adequate to provide the amount certified as necessary by the Hospital District.
An even thornier problem was presented by the question of a remedy for the inadequate 1989 levy. Appellant conceded there was no contractual or tort basis for recovery but simply asserted, without citing to any authority, that “equity has the power to fashion a remedy” for the Commission’s breach of its statutory duty. In support of its contention that no right to a money judgment exists, the Commission relied on Manatee County v. Longboat Key, 365 So.2d 143 (Fla.1978), and related cases,[7] which hold there is no legal authority in Florida for entry of a money judgment in favor of a municipality against a county for the county’s dual taxation in prior years. These dual taxation cases are so dissimilar from the issue presented in this case, however, that they provide little guidance. In the present case, two governmental bodies simply disagreed about which of them had the ultimate right (or responsibility) to see to it that only those taxes required to maintain the local hospital were levied on the citizens of the community. The careful consideration and conclusion of the trial judge below that the ultimate decision lay with the Commission demonstrates the Commission’s actions were not a bad faith violation of any legal right of the Hospital District so that this case is not appropriate for the equitable remedy appellant invokes.
While we have been struggling with this issue, appellant, apparently recognizing the amount of damages sought was disproportionate to the legal conundrum created, has filed a motion seeking to withdraw its damage claim. We grant the motion but observe that we have been unable to find any satisfactory precedent or other authority to support what appellant had asked this court to order.
We did identify a very few cases permitting money judgments where one governmental entity, entitled to collect taxes for the benefit of another governmental entity, collected those taxes but refused to remit them. Bd. of Comm’rs of Big Horn County v. Byron Drainage Dist., 52 Wyo. 417, 75 P.2d 759 (Wyo.1938). We have been unable, however, to find any case where a governmental entity was held liable in damages due to its failure to comply with a duty to levy or collect some amount of taxes for the benefit of another governmental entity. See Crystal Springs v. Copiah County, 207 Miss. 257, 42 So.2d 188 (Miss.1949).
In Palm Beach County v. Palm Beach, 507 So.2d 128 (Fla. 4th DCA 1986), a money judgment was awarded in favor of a municipality against a county, ostensibly due to a failure of the county to make a tax levy. This ruling passed with little comment on review in the recent decision of the Florida Supreme Court in Palm Beach County v. Palm Beach, 579 So.2d 719 (Fla.1991).[8] In Palm Beach County, the town of Palm *1114 Beach sued the county because the county had virtually ceased collecting a statutorily required road and bridge tax (which had to be shared with the city) by interpreting the statute to authorize a levy so small that it was deemed by the court a “sham.” The Fourth District Court of Appeal affirmed a money judgment awarded the town of Palm Beach and the issue presented to the supreme court was whether prejudgment interest was due oh the judgment amount.[9] The supreme court held that such interest was recoverable. Although the supreme court pointed out in its opinion that the earlier determination of the county’s immunity from a suit for damages had not been appealed,[10] the decision to allow interest on the money judgment is suggestive.
Close inspection of Palm Beach County, however, reveals it is actually more like the cases that have permitted money judgments to accomplish a “remittance of collected revenue” rather than a case involving damages for unassessed, uncollected revenue. In Palm Beach County, the district court found that the county had a statutory duty to collect some (albeit unspecified) amount of ad valorem tax for roads and bridges. The district court concluded that, by failing to levy such taxes in preference for (non-shared) general ad va-lorem tax revenues that were nevertheless used for roads and bridges, the county was thus bound to pay damages to municipalities measured by fifty percent of whatever ad valorem taxes were collected for non-road and bridge purposes but actually used for roads and bridges. In effect, the court treated the non-road and bridge ad valorem collections as if they had been collected for the purposes for which they were eventually used. Accordingly, we could not rely on the approach taken in Palm Beach County to resolve the damage issue presented in this case.
In light of appellant’s withdrawal of its damage claim, the trial court is instructed to enter a declaratory judgment consistent with this opinion.[11]
REVERSED and REMANDED.
W. SHARP, J., concurs.
COWART, J., dissents with opinion.

. Ch. 63-1140 § 6, Laws of Fla.

. The 'rolled-back rate’ is the millage rate that would produce the same tax revenue for each authority as was levied the previous year, not counting new construction, additions to structures, deletions and geographic boundary changes resulting in property gains. 51 Fla. Jur.2d Taxation § 16:34 (1983) (citing § 200.-065(1), Fla.Stat. (1987)).

. In 1974, the Attorney General issued an opinion construing section 218.34(4), Florida Statutes, and concluded it did confer on a county commission the power to disapprove a budget or tax levy — but in the aggregate only. 1974 Op. Att’y Gen.Fla. 074-143 (May 10, 1974). Compare 1983 Op. Att'y Gen.Fla. 083-91 (November 22, 1983) which concluded that, under the special act creating the Baker County Hospital Authority, once the amount of millage needed was determined and certified by the Hospital Authority, the Board of County Commissioners had the duty to make the levy, and this duty was unaffected by any subsequent changes in the law. Although the language of the Baker County special act is more emphatic, the historical and linguistic similarities between the Baker County and North Brevard Hospital District special acts are striking.

. Such special districts are creatures of the state legislature, and are created when deemed necessary by those elected public officials to serve an important, and usually specialized, public purpose. The legislature establishes the maximum millage allowable and carefully circumscribes the activities of the special districts it creates. Pinellas County v. Mosquito Control Dist. of Pinellas County, 194 So.2d 596 (Fla.1967); Wilson v. Hillsborough County Aviation Auth., 138 So.2d 65 (Fla.1962); State ex rel. Bd. of Comm'rs of Indian River Mosquito Control Dist. v. Bd. of County Comm’rs of Indian River County, 103 Fla. 946, 138 So. 625 (Fla.1931), dismissed, 104 Fla. 208, 140 So. 655 (Fla.1932). See abo Note, Special Dbtrict Taxation, 13 U.Fla.L.Rev. 531, 545-546 (1960).

. The summary judgment appealed contains the following explanation:
Commissioner Roberts indicated that although he had not attended the public hearings, he had thoroughly reviewed the budget, had extensive meetings with the hospital administrator and financial staff, and had several conversations with members of the Hospital Board. He concluded that the requested 10% increase was not based on present budgetary needs but rather on a fear that unless the maximum increase was budgeted every year, sufficient moneys would not be available in years when a true need might exist. Some hospital representatives according to the commissioner, admitted that a modest increase would be sufficient.
A majority of the County Commission apparently accepted his review of the budget and his conclusions based on that review. This they had the authority to do.
Besides finding no support for this procedure in the statutes, it does not comport with logic that the Commission can effectively set millage based on a verbal report of an informal review by a single commissioner who did not attend the public hearings.

. Ch. 89-169, Laws of Fla.

. See also Palm Beach County v. Palm Beach, 507 So.2d 1154 (Fla. 4th DCA 1987).

. Justice Overton, dissenting, did express the view that, in disputes between governmental entities concerning actions taken by one governmental entity in its legislative capacity, there is no basis for waiver of sovereign immunity to award monies payable by one governmental entity to another, especially since those sums would ultimately be borne by the taxpayer. 579 So.2d at 721.

. There was a stipulation between the parties as to the amount of the judgment.

. 579 So.2d at 720.

. The apparent lack of a damage remedy raises the question of what remedy would be available to the Hospital District in a situation such as this. At least one case suggests that a stay of the tax levy pending judicial review is not appropriate. Bd. of Public Instruction of Duval County v. Bd. of County Comm’rs of Duval County, 192 So.2d 321 (Fla. 1st DCA 1966). Although, due to the issues presented this case has been pending a very long time in this court, for which we apologize to the parties, expedited review of such an issue, if requested, should certainly be available to obtain a declaration of the parties' rights and, if necessary, mandatory relief. Mandamus was used in State ex rel. Bd. of Comm'rs of Indian River Mosquito Control Dist. v. Bd. of County Comm'rs of Indian River County, supra n. 4, and in State ex rel. Robertson v. Gessner, 153 Fla. 865, 16 So.2d 51 (Fla.1943) (county inadvertently failed to make levy the preceding year and double levy would not exceed permissible millage).